UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

_____/

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

Elizabeth P. Hardy (P37426)
KIENBAUM OPPERWALL HARDY
 & PELTON, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com

_____/

**DEFENDANT'S ANSWER TO COMPLAINT AND
<u>AFFIRMATIVE DEFENSES</u>**

Defendant Scripps Media, Inc., d/b/a WXYZ-TV ("Defendant" or "Scripps"), by its undersigned counsel, answers Plaintiff's Complaint and Demand for Jury Trial and asserts Affirmative Defenses as follows:

## PARTIES

1. Defendant admits Plaintiff was employed by Defendant. Except as so admitted, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant neither admits nor denies that Plaintiff is a current resident of Texas and resides in Harris County, Texas, and that she previously resided in Oakland County, based on lack of information. Defendant admits Plaintiff was formerly employed by Defendant and worked for Defendant in the Eastern District of Michigan. The remaining allegations contained in Paragraph 2 are a statement of Plaintiff's legal position for which no response is required; however, to the extent that Paragraph 2 contains factual allegations, Defendant admits the factual allegations contained in subparagraphs a-d, and denies the factual allegations set forth in subparagraphs e-h.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

## JURISDICTION

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint for the reason that they state a legal position to which no response is required; however, Defendant does not contest that this Court has jurisdiction over this matter.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint for the reason that they state a legal position to which no response is required, and Defendant specifically denies that the principles of *Ex Parte Young* are applicable to Plaintiff's claims.

## VENUE

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint for the reason that they state a legal position to which no response is required; however, Defendant does not contest that venue is proper in this Court.

## FACTUAL BACKGROUND

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that Malcolm Maddox worked for WXYZ-TV during some of Plaintiff's employment, and during some of that time he worked as a news anchor. Except as so admitted, Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that at times during Plaintiff's employment, she had daily interaction with Mr. Maddox in the newsroom. Except as so admitted, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies as untrue the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies as untrue the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies as untrue the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies them.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies them.

18. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies them.

19. Defendant denies as untrue the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies as untrue the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies as untrue the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies as untrue the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies them.

24. Defendant denies as untrue the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant lacks sufficient information to form a belief as to what Plaintiff's co-workers told her and denies as untrue the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies them.

27. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies them.

28. Defendant denies as untrue the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits that Plaintiff made a formal complaint of sexual harassment and misconduct about Mr. Maddox to WXYZ's management on or about January 28, 2015.  Except as so admitted, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies as untrue the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies as untrue the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies as untrue the allegations contained in Paragraph 33 of Plaintiff's Complaint, except that other females reported that Mr. Maddox had shown them pictures which purported to show his penis.

34. Defendant admits Mr. Maddox admitted he exercised poor judgment and engaged in inappropriate communications with coworkers. Except as so admitted, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits that one employee reported that Mr. Maddox said that he had slept with Plaintiff in 2011. Except as so admitted, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies as untrue the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that it did not inform Plaintiff of the specific disciplinary action it took against Mr. Maddox in 2015. Except as so admitted, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that Mr. Maddox was not terminated, and states that he was suspended for two weeks without pay, and when he returned from suspension he returned to the same position he held prior to the suspension. Except as so admitted, Defendant denies as untrue the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies as untrue the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies as untrue the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies as untrue the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies as untrue the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies as untrue the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies as untrue the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies as untrue the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies as untrue the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies as untrue the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies as untrue the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies as untrue the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies as untrue the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies as untrue the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant lacks information sufficient to form a belief regarding the truth of the allegation that Plaintiff left the broadcast journalism industry and no longer works in the field. Defendant denies the remaining allegations contained in Paragraph 53 as untrue.

54. Defendant admits that after a pastor held a press conference in December 2017 accusing Mr. Maddox of sexual harassment, it suspended Mr. Maddox in order to investigate whether Mr. Maddox had engaged in sexual harassment or other inappropriate conduct after being suspended and warned in

February 2015. Except as so admitted, Defendant denies the allegations contained in Paragraph 54.

55. Defendant admits that after performing an investigation in December 2017, Mr. Maddox returned to work and made a statement that in 2015 he "exercised poor judgment and engaged in inappropriate communications with coworkers. . . ."

56. Defendant denies as untrue the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## COUNT I
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – SEXUAL HARASSMENT; HOSTILE WORK ENVIRONMENT; CONSTRUCTIVE DISCHARGE

57. Defendant incorporates by reference its answers to Paragraphs 1 through 56 of Plaintiff's Complaint as though fully set forth herein.

58. Defendant denies as untrue the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies as untrue the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies as untrue the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies as untrue the allegations contained in Paragraph 61 of Plaintiff's Complaint.

9

62. Defendant denies as untrue the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies as untrue the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies as untrue the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies as untrue the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies as untrue the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies as untrue the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies as untrue the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies as untrue the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies as untrue the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies as untrue the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies as untrue the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies as untrue the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies as untrue the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies as untrue the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## COUNT II
## SEXUAL DISCRIMINATON IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

76. Defendant incorporates by reference its answers to Paragraphs 1 through 75 of Plaintiff's Complaint as though fully set forth herein.

77. Defendant denies as untrue the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies as untrue the allegations contained in Paragraph 78 of Plaintiff's Complaint.

## COUNT III
## RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

79. Defendant incorporates by reference its answers to Paragraphs 1 through 78 of Plaintiff's Complaint as though fully set forth herein.

80. Defendant denies as untrue the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies as untrue the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies as untrue the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies as untrue the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies as untrue the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies as untrue the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies as untrue the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies as untrue the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies as untrue the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies as untrue the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies as untrue the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendant denies as untrue the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies as untrue the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies as untrue the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies as untrue the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies as untrue the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies as untrue the allegations contained in Paragraph 96 of Plaintiff's Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

## AFFIRMATIVE DEFENSES

Defendant may rely upon all or any of the following affirmative defenses:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2. Plaintiff's claims are barred, in whole or in part, by the relevant statutes of limitation and/or the doctrine of laches.

3. Upon information and belief, Plaintiff has failed to mitigate her alleged losses, her entitlement to recovery for which is expressly denied.

4. Plaintiff's claims for punitive or exemplary damages are not allowed under Michigan law.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

6. Defendant reserves the right to amend its Affirmative Defenses after a reasonable opportunity for discovery.

                                              KIENBAUM OPPERWALL
                                                HARDY & PELTON, P.L.C.

By: */s/ Elizabeth Hardy*
    Elizabeth Hardy (P37426)
    Attorney for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
Dated: April 9, 2018                      ehardy@kohp.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

>	*/s/ Elizabeth Hardy*
>	Elizabeth Hardy
>	Kienbaum Opperwall Hardy & Pelton, P.L.C.
>	280 N. Old Woodward Avenue, Suite 400
>	Birmingham, MI  48009
>	(248) 645-0000
>	E-mail:  ehardy@kohp.com
>	(P37426)

295606