UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

_____/

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com

Geoffrey N. Fieger (P30441)
FIEGER FIEGER KENNEY
 & HARRINGTON, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075-2463
(248) 355-5555
g.fieger@fiegerlaw.com

Elizabeth P. Hardy (P37426)
KIENBAUM OPPERWALL HARDY
 & PELTON, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com

_____/

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S VEXATIOUS MOTION TO STRIKE**

Local Rule 7.1 provides that a party that wishes to file a motion "must ascertain whether the contemplated motion… will be opposed." This meet-and-confer obligation is satisfied by a conference "in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." *Id.* Rule 26(c)(1) only requires that the movant "in good faith conferred or attempted to confer… in an effort to resolve the dispute without court action." Those requirements were unambiguously satisfied here; Defendant Scripps Media d/b/a WXYZ told Plaintiff Edwards that it wanted a protective order, and worked for a *month* to attempt to satisfy Plaintiff's demands regarding the wording of the protective order without court intervention. Ultimately, WXYZ told Plaintiff that if she would not agree to a final proposed draft containing the multiple concessions it had made, it would have to file a broader motion without any such concessions. R. 11-7. She did not agree, and so Defendant filed its motion.

Plaintiff's motion to strike, based on a supposed lack of concurrence, is facially absurd. WXYZ conferred with Plaintiff in an effort to resolve the dispute, satisfying FRCP 26(c)(1), and Plaintiff understood the nature of the motion and that the relief sought was a protective order, satisfying LR 7.1. Plaintiff's tenuous argument to the contrary seems to rest on the notion that WXYZ was required to provide her with an advanced copy of the motion for protective order that it

1

planned to file, and "confer" thereupon, even though she had *already* rejected concurrence in a narrower compromise draft that WXYZ had proffered earlier. *See* R. 13, Pg ID 260. Of course, she cites no authority for this radical interpretation of Local Rule 7.1—an interpretation that, in any event, makes no sense.[1]

The "purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012). Given that Plaintiff already refused to concur in the compromise version of the protective order that WXYZ proposed, *and* understood that WXYZ would seek more comprehensive relief if that compromise was rejected, what could be more unnecessary than requiring WXYZ to try *again* to obtain concurrence after Plaintiff has already made clear that she has rejected compromise? The meet-and-confer obligation was satisfied here.

In fact, Plaintiff's motion appears to be driven by an obvious ulterior motive: she wants to lock WXYZ into the concessions it offered as an inducement to resolve the motion without court intervention. In other words, Plaintiff wants her refusal to agree to WXYZ's final offer to have no consequences, and wants to use

---

[1] Indeed, given the fact that a mere good-faith *effort* to engage in a conference satisfies the meet-and-confer requirement, *see* EDMI Local Rule 7.1(a)(2)(B), it is inconceivable that the rule—without saying so—requires this sort of complex, duplicative, and futile effort *after* the parties fail to resolve a dispute.

2

the meet-and-confer rule to block WXYZ from moving for broader terms after compromise negotiations failed. But she does not cite a single case in which the Federal Rules of Civil Procedure or the Local Rules have been interpreted in this fashion—*i.e.*, as precluding resort to fundamental principles of negotiation.[2] Plaintiff rejected the compromise version. If Plaintiff wants to argue that the Court should enter a different version of a protective order, then she can argue for that version in her own motion for protective order (as she has), or in response to WXYZ's motion. A motion to strike was not needed for that purpose.

Thus, beyond being meritless, this motion to strike is an unnecessary and vexatious litigation tactic that has unreasonably caused WXYZ to incur expense, and which will waste this Court's time and resources. While WXYZ is not asking for sanctions at this time, WXYZ would ask that the Court remind Plaintiff's counsel that 28 U.S.C. § 1927 precludes the unreasonable and vexatious multiplication of litigation, and permits the award of sanctions and attorney's fees against a Plaintiff *or* her counsel for filing baseless, unnecessary motions.

---

[2] Tellingly, the best Plaintiff does is cite the inapposite LR 37.1, which applies to motions to compel discovery, and which requires the parties to confer "in advance of the *hearing*" (*i.e.*, not in advance of filing a motion) to "narrow areas of disagreement." This is not a motion to compel discovery, and the parties' disagreement is now reflected in two dueling protective orders proposed to the Court. If Plaintiff wants to try and resolve the dispute, she is free to offer a compromise between the two versions, but that does not justify this motion.

3

## CONCLUSION

Plaintiff's meritless and vexatious motion to strike should be denied.

                      KIENBAUM OPPERWALL
                       HARDY & PELTON, P.L.C.

                By: */s/ Elizabeth Hardy*
                    Elizabeth Hardy (P37426)
                    Attorney for Defendant
                280 N. Old Woodward Ave., Suite 400
                Birmingham, MI 48009
                (248) 645-0000
Dated:  June 18, 2018       ehardy@kohp.com

299142

## CERTIFICATE OF SERVICE

      I hereby certify that on June 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                          */s/ Elizabeth Hardy*
                                          Elizabeth Hardy
                                          Kienbaum Opperwall Hardy & Pelton, P.L.C.
                                          280 N. Old Woodward Avenue, Suite 400
                                          Birmingham, MI  48009
                                          (248) 645-0000
                                          E-mail:  ehardy@kohp.com
                                          (P37426)

299824