UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

     Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

     Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge  Elizabeth A. Stafford

_____/

| | |
|---|---|
| Michael N. Hanna (P81462) | Elizabeth P. Hardy (P37426) |
| MORGAN & MORGAN, P.A. | KIENBAUM OPPERWALL HARDY |
| Attorney for Plaintiff |  & PELTON, P.L.C. |
| 2000 Town Center, Suite 1900 | Attorneys for Defendant |
| Southfield, MI  48075 | 280 N. Old Woodward Ave., Suite 400 |
| (313) 251-1399 | Birmingham, MI  48009 |
| mhanna@forthepeople.com | (248) 645-0000 |
| | ehardy@kohp.com |
| Geoffrey N. Fieger (P30441) | |
| FIEGER FIEGER KENNEY | |
|  & HARRINGTON, P.C. | |
| Attorney for Plaintiff | |
| 19390 W. Ten Mile Road | |
| Southfield, MI  48075-2463 | |
| (248) 355-5555 | |
| g.fieger@fiegerlaw.com | |

_____/

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

## Table of Contents

Controlling or Most Appropriate Authorities ............................................................ ii

Introduction ...................................................................................................................1

Argument.......................................................................................................................2

I.     WXYZ's proposed protective order permits a party to challenge
       confidentiality designations. ...............................................................................2

II.    No Eastern District of Michigan rule requires a protective order to
       contain Plaintiff's proposed language regarding sealing, which is
       unnecessary here. .................................................................................................3

III.   Plaintiff's motion offers no justification for her untenable insistence
       that personnel and investigatory files cannot be marked
       confidential. .........................................................................................................5

IV.    Plaintiff offers no justification for the other changes she proposed
       to WXYZ's protective order attached to its motion. ......................................6

Conclusion ....................................................................................................................8

## Controlling or Most Appropriate Authorities

**Cases**

*Am. Fed. Grp., Ltd. v. Rothenberg*,
    136 F.3d 897 (2d Cir. 1998) .......................................................................6

*Pruet Prod. Co. v. Ayles*,
    784 F.2d 1275 (5th Cir. 1986) ...................................................................6

**Introduction**

As discussed in Defendant Scripps Media d/b/a WXYZ's Motion for Protective Order (R. 11), WXYZ undertook a month-long effort to reach agreement on a protective order, only to be derailed by Plaintiff's counsel, who often appeared unwilling to even acknowledge plain language in the draft proposed order that specifically addressed his concerns. Plaintiff's motion for a protective order continues in this vein, setting forth at its heart two demonstrably false propositions: (1) that Defendant's proposed order does not provide any mechanism to challenge a confidentiality designation, when it very explicitly does; and (2) by claiming that the Eastern District of Michigan requires specific language in protective orders, when it does not; what Plaintiff's counsel cites is Judge Lawson's *practice guidelines*—not an EDMI rule.

Plaintiff's motion also fails to support the other differences between her proposed order and WXYZ's proposed order, effectively abandoning any argument for the Court not to adopt WXYZ's order—which contains nothing that should be controversial to an adversary operating in good faith. The Court should address WXYZ's very legitimate concern about private information being released as part of Mr. Hanna and the Fieger firm's trial-by-media strategy, and adopt the common-sense and fair protective order WXYZ has requested.

-1-

## Argument

Plaintiff's motion for protective order raises two "issues" regarding WXYZ's protective order: (1) that the order allegedly does not allow challenges to confidentiality designations, R. 12, Pg ID 172-174; and (2) a claim that it does not include certain language allegedly "required" by the Eastern District of Michigan, *id.* at 174-176. Both claims are simply incorrect: WXYZ's order unambiguously permits challenges to designations, and the so-called "required" language comes from one judge's practice guidelines, and is not a requirement of the Eastern District. Neither "issue" warrants deviation from WXYZ's proposed order.

## I.   WXYZ's proposed protective order permits a party to challenge confidentiality designations.

Plaintiff's first argument is perplexing: he claims that WXYZ is demanding that he "stipulate" that certain documents are confidential without a mechanism for review of the designation. R. 12, Pg ID 172-73. This is obviously not true. For one thing, the word "stipulate" does not even appear in WXYZ's proposed order (*see generally* R. 11-2). Rather, as is customary, the order merely permits a party to initially *designate* material as confidential, if the party has a reasonable, good faith belief that it is confidential. *See* R. 11-2, Def's Proposed Protective Order ¶ 4.

More importantly, WXYZ's proposed protective order *repeatedly* provides that a confidentiality designation is subject to challenge and review. It specifically says that "by agreeing to this Order, no party waives the right to challenge any

other party's designation of any document or other material as 'Confidential.'" *Id.* ¶ 1.c. Paragraph 8 of WXYZ's order, titled "Objections to Designation," explicitly provides that "[a]ny party… may at any time request in writing that any information or document designated as 'Confidential' be released from the requirements of this Protective Order," and sets forth the procedure for resolving such disputes, including Court review. *Id.* ¶ 8. And WXYZ's proposed order explicitly provides that either party can apply to the Court for further orders related to confidential information, or any other discovery in this litigation. *Id.* ¶ 11.

Counsel is unable to explain how Plaintiff can argue, in good faith, that WXYZ's proposed protective order does not permit her to challenge confidentiality designations. There is literally no basis for that argument. The proposed protective order does permit such challenges, repeatedly and explicitly. This purported "issue" with WXYZ's motion is utterly meritless.

## II.   No Eastern District of Michigan rule requires a protective order to contain Plaintiff's proposed language regarding sealing, which is unnecessary here.

Next, Plaintiff argues that WXYZ's proposed order does not contain "language that the Eastern District of Michigan requires in Protective Orders for filing documents under seal." R. 12, Pg ID 174-75. But what Plaintiff cites is a link to the practice guidelines *of Judge Lawson*, who permits parties to stipulate to protective orders but requires those orders to contain language reflecting the

sealing requirements of Local Rule 5.3.[1] That language is not required by the standard Eastern District of Michigan rules; nor do this Court's practice guidelines contain a requirement that all protective orders contain this language. Obviously, Plaintiff's (presumably) unwitting reference to the chamber rule of a judge not assigned to this case is not grounds for objecting to WXYZ's proposed order.

Moreover, WXYZ's proposed protective order *does* make clear that Rule 5.3's provisions apply if confidential information is to be filed with the Court (as opposed to merely being exchanged in discovery)—and it even provides that the designating party is the one who must file a motion requesting that the documents be filed under seal. R. 11-2 ¶ 2. This fact also makes Plaintiff's hurling of accusations at WXYZ's counsel (*i.e.*, that "Clearly, Defendant does not want to include the language… because they intend to overreach in their designation of certain documents as being confidential," R. 12, Pg ID 175) all the more difficult to understand. WXYZ's order explicitly (1) allows the parties to designate material as confidential so it can be served in discovery without delay; (2) provides a mechanism for challenging confidentiality at <u>any</u> time; and (3) states that if a document will *actually* be filed on the record, that the designating party must move to have it sealed. There is no basis to object to these commonsense provisions.

_____

[1] Plaintiff's brief cites the dynamic link to Judge Lawson's guidelines; the same information can be navigated to through the EDMI website by selecting Judge Lawson from the "Judge" dropdown box, clicking "Practice Guidelines," and then clicking "Protective Orders." That is the source of Plaintiff's "Exhibit E."

**III.    Plaintiff's motion offers no justification for her untenable insistence that personnel and investigatory files cannot be marked confidential.**

As set forth in WXYZ's motion for protective order, Plaintiff's insistence that personnel and investigation files could not be confidential was the key reason why negotiations on a joint proposed order fell through (based, in part, on Plaintiff's counsel's seeming failure to understand that designating a document as "confidential" does not mean that it cannot be used in litigation—just that it cannot be disseminated to the public at Plaintiff's whim.) R. 11, Pg ID 82-83. Yet, inexplicably, she offers no argument in support of that position in her motion.

As discussed at length in WXYZ's own motion, courts routinely find that there are valid privacy interest in non-parties' personnel files, and in protecting the confidentiality of witnesses in investigations. R. 11, Pg ID 84-86. These concerns support the entry of a protective order. *Id.* As WXYZ tried to explain to counsel, this *does not mean* that WXYZ will not produce responsive documents to valid discovery requests just because the material is part of a personnel or investigation file. It merely means that Plaintiff must abide by the terms of the protective order, including the terms that give WXYZ an opportunity to move to seal such documents *if* Plaintiff seeks to file them as part of a motion. There is no justification for Plaintiff's claim that these materials cannot be confidential.

**IV.    Plaintiff offers no justification for the other changes she proposed to WXYZ's protective order attached to its motion.**

Plaintiff's brief also fails to address or justify other proposed changes to WXYZ's proposed order. *See* Ex. A, Redline.[2] These changes should not be made.

*First*, Plaintiff proposes edits to the definition of confidentiality from "not generally known to the public" to "not publicly available," without explanation. Ex. A pp. 2-3.) But the former is a well-accepted definition of confidentiality, which recognizes that although *some* members of the public (like employees) may have access to information, it does not mean it is not properly regarded as confidential. *See, e.g.*, *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 906 (2d Cir. 1998) ("confidential information" includes "customer lists and other confidential information not generally known to the public"); *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1281 (5th Cir. 1986) (compensation information properly regarded as confidential where it is "not generally known to the public"). WXYZ is concerned that Plaintiff's unexplained proposed change is intended to create a loophole that will allow the release of private personal information and internal company documents if *any* member of the "public" (ex-employees like Plaintiff or current employees) is aware of the documents or information, regardless of whether it is not generally known to the public at large. Insofar as Plaintiff

---

[2] The redline version shows the changes from WXYZ's proposed order to Plaintiff's proposed order; thus, Plaintiff would propose to eliminate the language that is stricken through in Exhibit A, and would add the underscored language.

explicitly wants to treat all personnel information as non-confidential, contrary to law (*see* R. 11, Pg ID 84-87), that appears to be Plaintiff's motive. It should not be allowed.

*Second*, Plaintiff proposes several changes that appear to have no purpose other than to facilitate the improper public release of confidential information, including:

- The use of "gotcha" technicalities, like a requirement that documents must be labeled "clearly and unambiguously" or "clearly and obviously" as confidential—presumably, with clearness subjectively judged by Plaintiff's counsel—on "*each* and *every* page" in order for a document to have any protection, Ex. A p. 5;

- The deletion of language prohibiting Plaintiff from photocopying confidential documents without the "confidential" label—which, combined with Plaintiff's other proposed edits, would let her disseminate altered photocopies of whatever she wanted, *id.* p. 14;

- Language that makes the Protective Order unenforceable, including stating that it does not apply to motions practice or briefing, *id.* p. 6, and eliminating restrictions on use outside of litigation, *id.* p. 8;

- The elimination of restrictions on third-party dissemination of confidential materials, *id.* pp. 10, 21 while heavily burdening third-parties' ability to designate materials as confidential, *id.* pp. 12-13.

These inexplicable changes have no apparent legitimate purpose, and should likewise be rejected.

*Third*, Plaintiff proposes that after litigation ends, she be allowed to maintain electronic copies of confidential documents. *Id.* p. 20. What possible reason could Plaintiff have to retain confidential material exchanged in the litigation, once the

matter is resolved? She does not say. This is inappropriate, and should not be allowed.

## Conclusion

WXYZ has proposed a fair protective order that is substantively similar to other protective orders frequently entered in this Court and others in the Eastern District. Plaintiff's only two identified issues with WXYZ's proposed order are meritless, and her other unexplained changes are inappropriate. The Court should enter WXYZ's proposed protective order set forth at R. 11-2.

KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.


By: */s/ Elizabeth Hardy*
    Elizabeth Hardy (P37426)
    Attorney for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
Dated: June 19, 2018          ehardy@kohp.com
299142

-8-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Elizabeth Hardy*_____

Elizabeth Hardy (P37426)
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
E-mail:  ehardy@kohp.com

299873