UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No. 18-10735

Hon. Paul D. Borman

Magistrate Judge Elizabeth A. Stafford

_____/

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com

Geoffrey N. Fieger (P30441)
FIEGER KENNEY
 & HARRINGTON, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075-2463
(248) 355-5555
g.fieger@fiegerlaw.com

Elizabeth P. Hardy (P37426)
KIENBAUM OPPERWALL HARDY
 & PELTON, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com

_____/

**REVISED CONFIDENTIALITY ORDER GOVERNING
PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL
INFORMATION AND DOCUMENTS AND PROTECTIVE ORDER,
CONSISTENT WITH MAGISTRATE JUDGE'S JULY 19, 2018 RULINGS**

}

WHEREAS, the parties hereto believe that discovery in the above-captioned matter will involve the production of documents that contain personal private information, trade secrets, confidential commercial or financial information, proprietary information, or other confidential business or personal information and may otherwise require the disclosure of such information, and perhaps other material and information of a confidential nature, or which otherwise may be contended to be protected from disclosure; and

WHEREAS, in light of the foregoing, the parties in this action wish to establish procedures to limit the necessity for objections or subsequent motions seeking to limit discovery, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery herein;

IT IS HEREBY ORDERED:

1. <u>Definitions.</u>

The following definitions shall apply to this Order:

a. The "Litigation" shall refer to the above-captioned matter and to any other action consolidated at any time under that caption, and any appeal therefrom through final judgment.

b. "Documents" shall mean all writings of any kind, electronically stored or electronically generated information, or graphic material of any type, and any other similar materials, or portions thereof.

  c. "Confidential Document" shall mean any document, material or thing which contains Confidential Information and which any Designating Party (as defined herein) designates as "Confidential" at any time and in any manner set forth in any part of this Order.  All documents, information, or materials designated "Confidential," in accordance with this Order, shall be treated as Confidential for purposes of, and pursuant to, this Order.  Any Designating Party may designate any document, information or material as "Confidential" in the reasonable and good faith exercise of such person's discretion and belief that the designated item(s) contain Confidential Information, provided, however, that by agreeing to this Order, no party waives the right to challenge any other party's designation of any document or other material as "Confidential."

  d. "Confidential Information" shall mean confidential, sensitive, or personal information (*i.e.* social security numbers, home address, telephone numbers), competitive information, research and development, commercial or other sensitive information, medical records, trade secrets, or information potentially invasive of the designating party's privacy interests that is not generally known to the public or third parties and that is not made available to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.  By way of example only, and for purposes of this Confidentiality Order only, the following categories of documents and information

will generally be considered Confidential Information subject to this Confidentiality Order provided a Designating Party designates them as Confidential:

- Confidential or proprietary business information, including, but not limited to, information concerning: proprietary information, trade secrets, market information, revenue, sales, costs, profits and other financial data not publicly available;

- Confidential personnel information, including, but not limited to, the content of employee personnel files (which may contain performance ratings, reviews, discipline and salary, benefit and compensation information) and investigation files; and

- Confidential personal information of a private nature, the public disclosure of which may violate recognized privacy rights or possibly expose individuals to identity theft or other abuse. This includes, but may not be limited to, social security numbers, telephone numbers, addresses, and email addresses.

   e. This Confidentiality Order creates no presumption that a particular document fits within the above-described categories.

   f. "Person" as used herein shall mean natural person, firm, association, organization, partnership, business, trust, corporation, foundation, or other public or private entity.

   g. "Designating Party" shall mean any party to the Litigation, or any other person or entity that designates any document, information, or material as "Confidential" pursuant to this Order.

h. "Producing Party" shall mean any party to the Litigation, or any other person or entity producing confidential documents, information, or other materials in the Litigation.

i. "Legend" as used herein shall mean a stamp or similar insignia that clearly and unambiguously states "CONFIDENTIAL" on the document in a manner which will not interfere with its legibility. When any document is designated "Confidential" pursuant to this Order, the Legend shall be affixed to the cover of such document and to each and every page therein containing Confidential Information.

j. When reference is made in this Order to any document or party, the singular shall include the plural and the plural shall include the singular.

k. "Party" or "parties" shall refer to the named parties, their counsel, agents, and employees, and agents and employees of the parties' counsel.

2. Scope of Application.

This Order shall govern all documents and other information and materials generated or produced pursuant to the parties' disclosure obligations (including any initial and/or supplemental disclosures) and/or in response to any formal discovery conducted by any party to the Litigation pursuant to the Federal Rules of Civil Procedure. This Order shall not govern the use or admissibility of any evidence—including documentation deemed "CONFIDENTIAL," at trial in this action or the

procedures for using such documents or information at trial in this action. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, the party intending to file materials designated as Confidential by the other party must give the other party 48 hours' notice of intent to file Confidential documents, so that the other party may seek an appropriate protective order under Local Rule 5.3 if desired. If the party intending to file materials designated as Confidential by the other party gives notice within the 48-hour window of a filing deadline where the Confidential documents are at issue, the other party will agree to not oppose a two-day extension of time for the filing party to make their filing. This Order does not affect the applicability of Fed. R. Civ. P. 26(c).

    A. **Filing Under Seal**. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of*

5

*Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

**B. Notice to Designating Party**. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

3. <u>Limitation on Use of Confidential Information.</u>

All documents, material, or information in this Litigation that are designated "Confidential" may be used for purposes of this Litigation, including but not limited to, discovery, motions, briefs, the trial, and preparation for trial in this Litigation, as defined in paragraph 1(a) above, and on appeal, if any, and for no other purpose whatsoever ("Permitted Purpose"). Confidential Documents and/or Confidential Information and any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 8 below) and to:

    a. Parties to the Litigation and their other employees, officers, agents, and directors of such parties only to the extent necessary for the Permitted Purpose;

    b. Counsel for the parties hereto and other employees of their respective law firms, which includes without limitation lawyers, paralegals, legal assistants, or other secretarial and clerical employees, including outside copy services, only to the extent necessary for the Permitted Purpose;

    c. Independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel for the parties hereto only to the extent necessary for the Permitted Purpose;

     d.     Deponents, witnesses, and/or their counsel in the course of, or in connection with, their testimony or potential testimony in the Litigation, including but not limited to deponents or trial witnesses who may be employees of a party, but only documents that are relevant to any witness's testimony or potential testimony may be shown to that witness or potential witness and/or his or her counsel;

     e.     Stenographic reporters who are involved in depositions, the trial, or any hearings or proceeding before the Court in the Litigation;

     f.     The Court and any persons employed by the Court whose duties require access to Confidential Documents and/or Confidential Information; and

     g.     Persons retained by the parties to the Litigation for the purpose of mediation, and agents and/or employees of such persons as necessary to facilitate mediation. Unless the Designating Party agrees otherwise, Confidential Documents and/or Confidential Information may be disclosed to persons referred to in this paragraph only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms.

     h.     Any Designating Party who designates its own documents or information as Confidential pursuant to this Order may disclose such documents or information contained therein to any persons, with or without conditions to such disclosure, as it deems appropriate.

  i. Persons listed in subparagraphs (c) or (d) of this paragraph who are shown copies of Confidential Documents for purposes of prosecution of this litigation shall be advised of the existence of this Order and that information designated as Confidential Information should be kept confidential.

4. <u>Manner or Means of Designation.</u>

  A Designating Party may designate any document or portion thereof which contains Confidential Information as "Confidential" pursuant to this Order by affixing the legend as provided under paragraph 1(h) to any document containing, or which the Designating Party believes contains, Confidential Information. By designating a document or information as "Confidential" the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation, and that it is otherwise warranted under Federal Rule of Civil Procedure 26(g). If, through inadvertence, a Producing Party produces any document or portion thereof which contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under paragraph 1(h), the Producing Party may subsequently designate the document as "Confidential."

  A Producing Party must also advise opposing counsel of record, in writing, of the Bates numbers of the documents which are designated Confidential pursuant to

this Order, and maintain a log identifying the same, including the date that the materials were designated as Confidential.

5. <u>Designation of Documents Produced by Third Parties.</u>

Any party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within fifteen (15) days of production or receipt of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a Designating Party, in the following manner:

    a. Parties to the litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within fifteen (15) days of receipt of such notice (or such other time as may be agreed), return to the Designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

    b. Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no further disclosure of such designated document or information

contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

6. <u>Designation of Transcripts.</u>

a. In the case of Confidential Information being revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

b. If a deposition or hearing transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing, or referring to any Confidential Document or Confidential Information hereunder as "Confidential" by informing counsel for all other parties to this action in writing within fourteen (14) days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and

thereafter such pages shall constitute Confidential Documents pursuant to this Order. Upon receipt of such notice, any party in possession of copies of such designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to not contain Confidential Information.

7. <u>Copies.</u>

All copies of any Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

8. <u>Objections to Designation.</u>

Any party (the "requesting party") may at any time request in writing (which includes through electronic correspondence to counsel of record) that any information or document designated as "Confidential" be released from the requirements of this Confidentiality Order, and, unless otherwise agreed in writing, the requesting party shall meet and confer with the Designating Party within ten (10) business days of a written request. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes,

then the requesting party must make an application within ten (10) business days of the meet and confer for a ruling from the Court on the continued application of the "Confidential" designation of such information or document. This order is not meant to alter the legal burdens for demonstrating the appropriateness of a protective order. In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review, and the terms of this Confidentiality Order shall continue to apply to such information or document and until such time as the Court orders otherwise, the parties shall continue to treat such information or document as "Confidential." If such an application is not made by that time, the document or information in dispute shall remain as Confidential Information. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

9.  Procedure for Disclosure to Other Persons.

At any time, any requesting party may request in writing permission to disclose any document or other information designated "Confidential" to any person other than those permitted access to such information under Paragraphs 3 and 5 above. The Designating Party shall thereafter respond in writing within fourteen (14) days of receipt of the written request, and if the requested permission is withheld, shall state the reasons therefore. Failure to respond within the above fourteen (14) day period will constitute a waiver of the confidentiality of the

document or information at issue. If consent has been withheld by any party, and the parties are subsequently unable to agree whether the requested disclosure should be allowed, or they cannot agree on the terms and conditions of disclosure, the matter may be submitted to the Court; provided, however, that until such time as the Court orders otherwise, no such disclosure shall be made. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

10. <u>Inadvertent Production of Privileged Material.</u>

If either party inadvertently produces a document or documents subject to the attorney-client, work product, or other privilege, the producing party, upon learning of the inadvertent disclosure, shall promptly notify opposing counsel in writing of the disclosure. Upon receipt of such notification, opposing counsel shall immediately return all copies of such document(s) in its possession and shall immediately delete all electronic copies of such document(s), including in their e-mail inbox, sent mail, deleted items, or other email folders as well as contained on a hard drive or network system.

To the extent that deletion of an electronic copy of an inadvertently-produced document is not reasonably practical for the Morgan & Morgan P.A. law firm, access to the document must be password protected, with the password limited to counsel of record Michael Hanna (however, during the pendency of the Litigation, the

password for access to Confidential Information may be shared with other attorneys and employees working on the Litigation). To the extent that deletion of an electronic copy of an inadvertently-produced document is not reasonably practical for the Fieger & Fieger, P.C. law firm, access to the document must be password protected, with the password limited to counsel of record Geoffrey Fieger, and his assistant Samantha Teal, (however, during the pendency of the Litigation, the password for access to Confidential Information may be shared with other attorneys and employees working on the Litigation). Opposing counsel shall also immediately inform any person to whom disclosure of such document(s) were made of the inadvertent disclosure and shall request that each such person immediately destroy and/or delete all copies of such document(s) within its possession and confirm to the other party that such destruction/deletion has been performed, and shall expunge from any other document(s) or material information solely derived from the inadvertently produced document(s).

The parties further agree that information or knowledge that can only have been derived exclusively from the inadvertent disclosure of privileged documents shall not be admissible into the record at any stage of the proceedings in this matter, except that such information may be submitted to the Court solely for the purposes provided in Federal Rule of Civil Procedure 26(b)(5).

11.    <u>Further Protective Orders/Objections Not Waived.</u>

The foregoing is without prejudice to the right of any party to this Order:

(a) to apply to the Court for a further protective order relating to any Confidential Information or relating to any discovery in this litigation;

(b) to resist or compel discovery with respect to, or seek to obtain additional or different protection for, discovery material claimed to be protected work product or privileged under state or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law;

(c) to seek to modify or obtain relief from any aspect of this Order;

(d) to object to the use, relevance, or admissibility at trial or otherwise of any discovery material, whether or not designated in whole or in part as Confidential Information subject to this Order.

12.    <u>Subpoena of Confidential Documents.</u>

If at any time any document or information protected by this Order is subpoenaed by any court or administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information "Confidential" so as to advise such person of the need to promptly

obtain a protective order or a notice to quash the subpoena. The burden shall be on the party so designating to timely file a motion for a protective order. The party receiving such a subpoena or formal request shall advise the party serving the request of the existence and contents of the Order.

13.  Continuation of Protection After Disposition.

    a.  The termination of proceedings in the Litigation shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Order, unless the Court orders or permits otherwise.

    b.  Within thirty (30) days of the final disposition of the Litigation, upon request, the attorneys for the parties shall return to the Producing Party from whom it was obtained any and all documents and information that have been designated "Confidential" and copies thereof. To the extent Confidential Documents have been produced electronically or converted to electronic format, the parties shall return the media upon which such documents were produced and delete any electronically copied or stored versions of such documents from any and all media, including but not limited to all drives or servers. To the extent that deletion of an electronic copy is not reasonably practical for the Morgan & Morgan P.A. law firm, access to the document must be password protected, with the password limited to counsel of record Michael Hanna (however, during the pendency of the Litigation, the

password for access to Confidential Information may be shared with other attorneys and employees working on the Litigation). To the extent that deletion of an electronic copy is not reasonably practical for the Fieger & Fieger, P.C., law firm, access to the document must be password protected, with the password limited to counsel of record Geoffrey Fieger, and his assistant Samantha Teal, (however, during the pendency of the Litigation, the password for access to Confidential Information may be shared with other attorneys and employees working on the Litigation). Confirmation of such deletion shall be provided in writing by counsel for the parties.

**IT IS SO ORDERED.**

For good cause shown, the foregoing Confidentiality Order Governing Production Or Other Discovery Of Confidential Information And Documents And Confidentiality Order shall be the Order of this Court.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF MICHIGAN

Dated: August 2, 2018

EXHIBIT "A" UNDERSTANDING AND AGREEMENT REGARDING "CONFIDENTIAL" DISCOVERY INFORMATION

I hereby state that I have read and received a copy of the Confidentiality Order Governing Production Or Other Discovery Of Confidential Information And Documents And Confidentiality Order in the action entitled *Tara Edwards v. Scripps Media, Inc., d/b/a WXYZ-TV,* Action No. 18-10735 (U.S. District Court for the Eastern District of Michigan). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

DATED: _____    Signature: _____

                                                          Printed Name: _____

                                                          Address: _____

                                                                             _____

302330