# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

---

| | |
|---|---|
| Michael N. Hanna (P81462)<br>MORGAN & MORGAN, P.A.<br>Attorney for Plaintiff<br>2000 Town Center, Suite 1900<br>Southfield, MI  48075<br>(313) 251-1399<br>mhanna@forthepeople.com | Elizabeth P. Hardy (P37426)<br>KIENBAUM OPPERWALL HARDY<br> & PELTON, P.L.C.<br>Attorney for Defendant<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@kohp.com |

---

## PLAINTIFF'S MOTION FOR LEAVE OF COURT
## TO CONDUCT ADDITIONAL DEPOSITIONS

Plaintiff, Tara Edwards, by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(b)(2), hereby moves this Court for an order permitting Plaintiff to conduct fifteen (15) additional depositions in excess of those permitted under Federal Rule of Civil Procedure 30(a)(2)(A), before the close of discovery.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

ISSUE PRESENTED ............................................................................................ iii

BRIEF IN SUPPORT OF MOTION ………....……………………………….1

MEMORANDUM OF LAW……………………………………………………9

# INDEX OF AUTHORITIES

**Cases**

*Byrd v. D.C.*,
  259 F.R.D. 1, 5-6 (D.D.C. 2009) .................................................................10
*Hickman v. Taylor*,
  329 U.S. 495, 507 (1947) ..............................................................................9
*Scott v. City of Sioux City, Iowa*,
  298 F.R.D. 400, 403 (N.D. Iowa 2014) ........................................................9
*Oates v. Target Corp.*,
  No. 11-CV-14837, 2012 WL 4513731 .........................................................4
*Watts v. Kimmerly*,
  1996 WL 911254 ...........................................................................................4

**Statutes**

Elliott-Larsen Civil Rights Act ("ELCRA") ......................................................2

**Rules**

Federal Rule of Civil Procedure 30(b)(6) ...........................................................2

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) .......................................................................9

Federal Rules of Civil Procedure 30(a)(2) ..........................................................9

Fed. R. Civ. P. 26(b)(2)(C)(i) ............................................................................10

## ISSUE PRESENTED

Should Plaintiff be permitted to conduct an additional fifteen depositions in this matter where Defendant's witness disclosures list over fifty (50) witnesses?

    Plaintiff States: Yes

    Defendant States: No

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO CONDUCT ADDITIONAL DEPOSITIONS

1.  This is a sexual harassment lawsuit brought by Plaintiff against her former employer under the Elliott-Larsen Civil Rights Act ("ELCRA").

2.  Plaintiff suffered sexual harassment in the form of a hostile work environment, sex discrimination, and ultimately retaliation after she brought this harassment to the company's attention. *See* D.E. 1.

3.  As part of the harassment and hostile work environment, Mr. Maddox spread vile rumors about Plaintiff to co-workers, including but not limited to: (a) telling WXYZ-TV employees that he was having an affair with Ms. Edwards; (b) telling WXYZ-TV employees that his affair with Ms. Edwards included deviant sex acts, including urinating on Ms. Edwards; (c) telling WXYZ-TV employees that he might be the father of Ms. Edwards's unborn child; (d) telling WXYZ-TV employees that he had sex with Ms. Edwards on a work assignment in West Palm Beach; and (e) telling WXYZ-TV employees that Ms. Edwards was coaching his girlfriend about how to please Mr. Maddox sexually. *See* D.E. 1 ¶26.

4.  Because of the nature of the sexual harassment and hostile work environment that Plaintiff was made to endure, where Mr. Maddox's sexual harassment was carried out, in part, by spreading vile false sexual rumors, numerous employees of Defendant have discoverable information.

5.  Indeed, Defendant implicitly acknowledges this fact, as its witness list

1

includes no fewer than *53 names*, plus 9 additional categories of witnesses, including "Any and all subordinates, coworkers, supervisors, or managers of Plaintiff." D.E. 35.

6. Defendant conducted three investigations into Defendant's sexual harassment. *See* D.E. 31.

7. Defendant's initial investigation did nothing to rectify the hostile work environment that Plaintiff was forced to endure. *See* Investigative File for Investigation No. 1, attached as **Exhibit** ("Ex.") **A**.

8. In Defendant's first investigation, Defendant interviewed and produced interview notes/testimony from ten witnesses. *See Id*.

9. These ten witnesses also named thirteen additional witnesses who were identified as possibly having firsthand knowledge concerning the allegations, but were not interviewed as part of the initial investigation. *See Id.*

10. In addition to at least some portion of the twenty-three witnesses interviewed or identified in connection with Defendant's first sexual harassment investigation, several additional key depositions must be conducted in this matter, including the deposition of the investigators who conducted the three sexual harassment investigations,[1] a corporate representative deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and the deposition of other key witnesses and

---

[1] It appears that at least four investigators and attorneys were involved in and conducted the sexual harassment investigations.

managers, including Ed Fernandez, Michael Glover, Valarie Morris, Mike Murri, Ann Marie LaFlamme, Sarah Willets-Klinger, Nima Shaffe, and Tom Leyden.

11. It is also likely that several other significant witnesses will be identified upon receipt of the highly relevant investigative files and other documents Plaintiff has moved to compel. *See* D.E. 31.

12. Plaintiff has diligently sought to limit the number of necessary depositions in this matter by obtaining declarations from several witnesses, and immediately produced these declarations to Defendant.

13. In an effort to further limit the formal discovery in this matter, Plaintiff sought the contact information for other potential witnesses, including the former employees and current non-managerial employees. *See* D.E. 31-3 at 3-6. Specifically, Plaintiff's first interrogatory, which was served on April 12, 2018, requests the contact information for the individuals Defendant identifies as having (or believed to have) knowledge or information relevant to this case *Id.* In response to this interrogatory, Defendant lists 29 of the 53 individuals it later identified in its witness list. However, Defendant refused to provide the contact information for *any of the potential witnesses. Id.* Defendant has no good faith basis to withhold this contact information.

14. Specifically, Defendant refused to provide the contact information for the former employees, and indicated that its current non-managerial employees—

who are not represented by counsel—are individuals who should be "contact[ed] through counsel" in its answer to interrogatory No. 1. *Id.*

15. Plaintiff's counsel conferred with defense counsel regarding this glaring omission on multiple occasions, and advised Defendant that they must provide the contact information for the former employees and current non-managerial employees. *See* **Ex. G**, June 15, 2018 email exchange.

16. Initially, Defendant indicated that the "contact through counsel" was inadvertent, and agreed to amend this designation on June 13, 2018. *See id.* Then, Defendant took the position that they could not release contact information for current and former employees *whom they do not represent* without a protective order. *See id.*[2]

17. Thereafter, a protective order was entered in this matter on August 2,

---

[2] Plaintiff provided case law to Defendant confirming the fact that this information is not privileged or private. *See id.; See also Oates v. Target Corp.*, No. 11-CV-14837, 2012 WL 4513731, at *3 (E.D. Mich. Oct. 2, 2012), *objections overruled*, No. 11-14837, 2012 WL 6608752 (E.D. Mich. Dec. 18, 2012) *citing Watts v. Kimmerly,* 1996 WL 911254, at *3 (W.D.Mich. Apr.12, 1996) ("Plaintiff requests the last known address and telephone numbers of the individuals identified in Defendant's response to this interrogatory. . . . . Defendant has indicated that these individuals should be contacted through Defendant's counsel, so it has refused to provide any contact information. . . . . Defendant has provided no legal authority for its position that it is not required to disclose this information. '[I]n a federal civil rights action, federal law controls what evidence is privileged and discoverable .... It also is well settled that under federal law there exists no general privilege for personnel files ....' . . . . Because Plaintiff seeks only contact information that is included in the personnel files, the Court finds that the information is not protected from discovery. Therefore, the Court will order Defendants to respond to this subsection.").

2018, (D.E. 22).    Nonetheless, Defendant still refused to supplement its answer to interrogatory No. 1, or otherwise to produce the contact information for the witnesses at that time.

18.    Again, on September 12, 2018, undersigned counsel conferred with counsel for Defendant concerning the contact information for these witnesses. *See* **Ex. B**.  While Defendant agreed to revise its answer to Interrogatory No. 1 on September 13, 2018, Defendant did not do so at that time.

19.    Thereafter, despite explicitly telling Plaintiff that certain witnesses could only be contacted through counsel, Defendant refused to produce those witnesses for deposition.[3]

20.    Specifically, on October 17, 2018, Plaintiff's counsel advised Defendant that Plaintiff wanted to depose four current employees of Defendant—Dave Kalman, Michael Glover, Glenda Lewis, and Val Morris—and sought to have these witnesses served through defense counsel as contact information had been withheld. *See* **Ex. C.**, October 17, 2018 email exchange.

21.    On October 23, 2018, defense counsel informed Plaintiff's counsel that she *would not* produce these witnesses because she had not obtained authorization to do so, and instructed Plaintiff's counsel to subpoena these witnesses. A complete

---

[3] Specifically, Defendant indicated in its Answer to Interrogatories that Dave Kalman, Glenda Lewis and Val Morris should be "contact[ed] through counsel." *See* D.E. 31-3 at 4-6.

5

repudiation of Defendant's prior position that these witnesses should be "contact[ed] through counsel" in its sworn Answers to Interrogatories. *See* **Ex. D**, October 23, 2018 email.

22. Plaintiff sought to do address searches, and to serve witnesses at their place of business, in order to avoid motion practice. However, Plaintiff could not ascertain the home addresses of these witnesses because they have common names,[4] and Defendant's security and management stated that these individuals could not be served on WXYZ premises. *See* **Ex. E**.

23. On October 31, 2018 at 2:38 p.m., Defendant advised the Court that they "resolve[d] the parties' dispute" concerning Interrogatory No. 1. However, Defendant's Second Amended Interrogatory Answer to Interrogatory No. 1 is incomplete, and does not include the contact information for all witnesses Defendant identified in its Witness List that cannot otherwise be contacted through counsel. Moreover, Defendant neglected to inform the Court that the additional outstanding contact information it did provide was produced a few hours before filing its response to Plaintiff's Motion to Compel, despite the repeated requests for this information and the fact that Defendant lacked any legitimate grounds for not producing this information when it was due *six months prior*. As a result, Plaintiff

---

[4] For example, there appear to be at least 1153 individuals named "Glenda Lewis" in Michigan, 1290 individuals named "Valerie Morris" in Michigan, and 3000 individuals named "Michael Glover" in Michigan.

6

ability to prosecute this matter has been prejudiced, and Plaintiff is left with approximately two months during the holiday season to conduct discovery for all of these witnesses. *See* D.E. 38.[5]

24. Incredibly, two hours after Defendant produced the witness contact information on October 31, 2018, Defendant's counsel fortuitously obtained authorization to accept a subpoena deposition on behalf of Ms. Lewis. *See* **Ex. F**.

25. However, significantly, Defendant still has not disclosed the identity of several key witnesses subject to discovery, including the investigators involved in the second and third sexual harassment investigation.

26. Because of Defendant's continual sand-bagging and dilatory tactics, Plaintiff has not been able to conduct discovery for these crucial witnesses through informal witness interviews because counsel for Defendant refused to produce their contact information. At this late date, Plaintiff can no longer rely on timely completing informal discovery, and must notice the relevant witnesses for depositions.

27. Moreover, the sheer volume of relevant eyewitnesses to the harassment and investigation necessitates the need for conducting more than 10 depositions in this matter. Of course, in order to avoid cumulative testimony, Plaintiff will not seek

---

[5] As a result of Defendant's hide and seek tactics, Plaintiff may need to move for an extension of time to conduct discovery in this matter on a later date, but will not do so at this time, and attempt to complete all remaining discovery by January 2019.

to depose each and every eye-witness.

28. While Defendant's witness list includes over 53 names and numerous other key witness that have not been disclosed at this time (i.e. the investigators to the second and third sexual harassment investigation), Plaintiff has limited her Motion for Leave to Conduct Additional Depositions and only requests fifteen (15) additional depositions. At this time, Plaintiff believes that she will not require additional depositions, and can complete discovery within twenty-five (25) total depositions–less than half of the number of witnesses Defendant has named.

29. The requested depositions will be expeditious, and most of them will be half-day depositions limited to a few hours of testimony.

30. Further, many of the witnesses listed on Defendant's Witness List do not work for Defendant, and thus, it will not be burdensome on Defendant to depose these witnesses.

31. In sum, the nature of the lawsuit is fact-intensive and involves numerous witnesses to both the unlawful conduct and woefully inadequate investigation and remedial measures that followed. The requested additional depositions will allow Plaintiff to adequately present to the Court the facts that underlie her claims.

32. Therefore, the request for fifteen (15) additional depositions is fair and necessary to satisfy the objective of a fully developed evidentiary record and to permit Plaintiff's attorneys to properly prepare for the jury trial of this matter.

## **MEMORANDUM OF LAW**

Under Federal Rules of Civil Procedure 30(a)(2), a party must obtain leave of court if the party seeks more than ten depositions. The Court shall permit more than ten depositions when it is "consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Federal Rules of Civil Procedure 26 provides that additional discovery should be allowed unless the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The Supreme Court has long held that deposition discovery rules should be "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). *See also Scott v. City of Sioux City, Iowa*, 298 F.R.D. 400, 403 (N.D. Iowa 2014) ("Once any party has taken ten depositions, it makes perfect sense to require that party to demonstrate the need for more. But that showing need not be onerous. If the need exists, discovery should not be prevented."); *Byrd v. D.C.*, 259 F.R.D. 1, 5-6 (D.D.C. 2009) (granting plaintiffs' motion for additional depositions in a sexual discrimination and harassment claim because the proposed deponents may have knowledge of the internal investigation). Here, the additional depositions requested fall squarely within the scope of Federal Rules of Civil Procedure 26 (as even Defendant

9

identified them as having relevant information), and thus, the Motion should be granted.

Plaintiff seeks these additional depositions to obtain necessary additional information that is not "unreasonably cumulative or duplicative" information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). As evidenced by the pleadings, this is a fact intensive case, involving egregious conduct and rumors spread to Defendant's employees, which occurred for an extended period of time. Here, Defendant listed 53 names on its own witness list, which Plaintiff maintains is incomplete. Moreover, in one of the three sexual harassment investigations alone, Defendant obtained witness summary notes from ten witnesses, and these witnesses disclosed the fact that thirteen other witnesses may have knowledge of the sexual harassment. *See* **Ex. A**. Aside from deposing these witnesses who were interviewed to determine, *inter alia*, what they actually advised the investigators, Plaintiff also needs to depose the investigators who conducted these investigations, Defendant's managers, the witnesses disclosed in the investigation who were not interviewed, and Defendant's corporate representative. It will be fundamentally unfair for these witnesses to testify on behalf of the Defendant at summary judgment or at trial, while prohibiting Plaintiff from conducting discovery on their

10

testimony.[6]  Moreover, Plaintiff has limited her request such that, absent a showing of further need, she will only be permitted to conduct depositions of *less than half* the number of witnesses Defendant identified in its witness list.

Plaintiff has exercised every effort to efficiently conduct discovery and obtain information in a more convenient, less burdensome and less expensive manner.  Plaintiff has obtained declarations from several witnesses; thereby eliminating the need to conduct depositions for virtually all of these witnesses. However, throughout discovery, Defendant hamstrung Plaintiff's ability to conduct additional informal discovery by refusing, without basis, to provide contact information for the other witnesses until the eleventh hour.  Plaintiff cannot rely on completing discovery through informal means at this late date, and must notice and subpoena the remaining witnesses for depositions as soon as possible in order to ensure that she records the witnesses' testimony prior to the close of discovery.  As such, Plaintiff could not obtain the information sought through other means throughout the course of discovery.

Finally, the proposed discovery is not outside the scope permitted by Fed. R. Civ. P. 26(b)(1).  In fact, Plaintiff's request will only allow Plaintiff to depose less

---

[6] Plaintiff's counsel is aware that Defendant's counsel routinely generates affidavits days prior to briefing summary judgment and after the close of discovery. *See e.g., Sanford v. Deloitte, LLP*, 5:13-cv-15167 (E.D. Mich. March 27, 2015) (D.E. 50) (7 declarations attached to as exhibits in support of summary judgment that were executed within three days of filing the Motion).

than half of the witnesses Defendant identified on their witness list for trial. Moreover, the vast majority of depositions that Plaintiff will conduct in this matter will be half-day depositions. Thus, while the rules contemplate that a party may have seventy (70) hours to depose witnesses within the scope of 10 depositions, it is likely that Plaintiff will not exceed this total of hours by much, if at all, even with an additional fifteen depositions. These witnesses are critical fact witnesses, most identified by Defendant, and Plaintiff must be permitted to depose them so that she may adequately prepare for the complete presentation of evidence at trial.

WHEREFORE, Plaintiff moves for the entry of an Order granting this Motion for an additional fifteen (15) depositions.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a), undersigned counsel has conferred with counsel for the Defendant, explained the nature of the request and its legal basis, and requested but did not obtain concurrence in the relief sought. During the conferral process, undersigned counsel advised counsel for Defendant that Plaintiff will agree to not file this Motion if Defendant agrees to not oppose Plaintiff's ability to conduct five additional depositions at this time, and reserving the right to seek leave on a later date to conduct additional depositions if necessary. In response, counsel for Defendant agreed to not oppose Plaintiff conducting two (2) additional depositions, provided that Plaintiff identify all twelve deponents.

12

However, Plaintiff will need to conduct more than twelve depositions, and files this request to conduct fifteen additional depositions at this time to avoid the piecemeal filing of multiple motions for leave to conduct additional depositions.

Respectfully submitted this 9th day of November, 2018.

                                        Respectfully Submitted,

                                        **/s/ MICHAEL HANNA**
                                        MICHAEL HANNA, Esq. (P81462)
                                        Morgan & Morgan, P.A.
                                        2000 Town Center, Suite 1900
                                        Southfield, MI  48075
                                        (313) 251-1399
                                        mhanna@forthepeople.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November, 2018, a true and correct copy of the foregoing was filed using the CM/ECF system, which will send notice of same to all counsel of record for Defendant.

By: **/s/ MICHAEL HANNA**
MICHAEL HANNA