UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,               Civil Action No.: 18-10735
                                  Honorable Paul D. Borman
               Plaintiff,     Magistrate Judge Elizabeth A. Stafford

v.

SCRIPPS MEDIA, INC. d/b/a
WXYZ-TV,

               Defendant.

_____/

**OPINION AND ORDER REGARDING MOTIONS TO COMPEL
[ECF NOS. 23, 31]**

I.     **Introduction**

Defendant Scripps Media, Inc. filed a motion to compel, [ECF No. 23], and then Plaintiff Tara Edwards filed one too, [ECF No. 31]. The Honorable Paul D. Borman referred both motions to the undersigned for hearing and determination. [ECF Nos. 24, 33]. The Court held a hearing on November 13, 2018, and made rulings on some issues, ordered a meet and confer on other issues, and ordered supplemental briefing on the issue of attorney-client and work-product privileges. As noted below, the supplemental briefing is due on **November 23, 2018.** By **December 13, 2018**, the parties must inform the Court whether they resolved the issues

that will be the subject of the meet and confer.  If they do not, the Court will hold another hearing on the remaining issues on **December 20, 2018 at 10:00 a.m.**

Below is a summary of the Courts determinations.

## II.    General Considerations

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Federal Rule of Civil Procedure 26(b)(1).  The Court has considered all of these factors, especially the importance of the issue at stake (a civil rights claim) and the amount in controversy (plaintiff states that she will demand $100 million).

At the hearing, the Court confirmed that plaintiff's claims are that Malcolm Maddox sexually harassed her and spread false and perverse sexual rumors about her; that she formally complained about the harassment and misconduct in January 2015; that defendant investigated her report of sexual harassment, silenced her, imposed insufficient and

2

undisclosed disciplinary action on Maddox, and then promoted Maddox; that defendant's ineffective and inadequate punishment of Maddox led others to believe that rumors he had spread about her were true; and that as a result of the above, she was constructively discharged on December 31, 2016. Plaintiff states that defendant reopened the investigation in December 2017 after Rev. W.J. Rideout III (a local pastor and activist) made public accusations against Maddox related to his (Maddox's) harassment of plaintiff, and that Maddox then admitted to exercising poor judgment and engaging in inappropriate communication with coworkers. At the time that plaintiff filed her complaint in March 2018, Maddox was still employed with defendant, but a subsequent investigation led by an attorney resulted in him being terminated.

Plaintiff sues defendant under Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq.* Court I alleges sexual harassment, hostile work environment and constructive discharge; Court II alleges sexual discrimination; and Court III alleges retaliation. At the hearing, plaintiff clarified that, for Count II, she is not alleging that she was treated differently than similarly-situated men. For her Count III retaliation claim, she alleges that defendant did not provide her with anchor opportunities or promote her career, and that her schedule was switched.

3

Plaintiff is requesting an award of lost wages, compensatory damages and exemplary damages.  Although her complaint refers to punitive damages, her attorney stated at the hearing that that was a mistake, as punitive damages are not available under Elliott-Larsen. Plaintiff also stated that her emotional distress damages are not garden variety; she alleges suffering from panic attacks.

Defendant asserts that it conducted a thorough investigation of plaintiff's complaint when it was first made in January 2015, and suspended Maddox without pay for two-weeks.  It notes that in can be held liable for hostile environment sexual harassment only if it failed to adequately investigate or take prompt and appropriate remedial action.  *See Chambers v. Trettco, Inc.*, 463 Mich. 297, 311–12 (2000).  Defendant states that neither plaintiff nor any other employee complained that Maddox engaged in further sexual harassment after the suspension, and that plaintiff stated at the time of her resignation in December 2016 that she wanted to spend more time with her family.  Defendant asserts that plaintiff obtained a new job at nearly the same salary almost immediately after she resigned from WXYZ.  Defendant also notes that Rev. Rideout did not mention plaintiff by name when he made his public accusations at a press conference and that plaintiff denies having anything to do with Rideout's press conference.

4

And defendant argues that, since plaintiff denied that she was sexual

harassed after Maddox's suspension, the investigations conducted in 2017

and 2018 are irrelevant to her claims.

At the hearing, the Court emphasized to both parties that neither

could unilaterally determine issues of relevance and proportionality.  *See*

*Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL

569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that

underwriting materials were not discoverable based upon the insurer's

"unilateral decision that these other guidelines are not relevant to the

claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No.

15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A

party cannot unilaterally decide that there has been enough discovery on a

given topic.").

## III.  Findings

### A. Defendant's Motion to Compel

- Request for production of documents (RFP) 2:  Plaintiff's

  counsel must confirm in writing that she has disclosed all social

  media messages (private or otherwise) that she exchanged

  with Maddox, and must describe the measures that she took to

  locate all such communications.  If she locates additional

communications through a further search, she must disclose them.

- RFPs 3 and 4: Plaintiff's counsel must confirm in writing that she has provided all documents in response to the narrowed RFPs described on ECF No. 23, PageID.456-47, and disclose the measures she took to locate such documents. If she locates additional documents through a further search in the future, she must disclose them.

- RFP 5: Denied.

- RFP 7: The parties must meet and confer in an effort to agree on a narrowed RFP pertaining to notes between plaintiff and defendant or its employees/agents.

- RFP 19: Granted in part.  Plaintiff must produce her social media postings and messages from 2012 to December 31, 2016 about her job at WXYZ, of photos of her on the job, and of her suffering from panic attacks, depression, sleeplessness, anxiety or taking medications for those conditions.

- Interrogatory 2: Granted.

## B. Defendant's Motion[1]

- RFPs 6, 18-30, 32-40, 44, 47-51: These sought documents

  about sexual harassment investigations involving plaintiff,

  Maddox and Mike Murri, defendant's general manager.

  Defendant produced documents related to the 2015

  investigation of plaintiff's complaint, but took the position that

  the 2017 and 2018 investigations were irrelevant and that all of

  the documents arising from those later investigations are

  privileged.  Based on its unilateral determination that the 2017

  and 2018 investigations are irrelevant, defendant did not

  include the related documents on its privilege log.  The Court

  finds that Rev. Rideout's accusations are likely related to

  plaintiff's complaint, as defendant denies that any other

  employees formally complained that Maddox had harassed

---

[1] Plaintiff's briefing included excessive and lengthy footnotes, sometimes comprising half of a page.  Most of the authority upon which she relied and the explanations of that authority were relegated to her single-spaced footnotes.  This made plaintiff's briefing difficult to read, and it appeared to be a clear effort to circumvent the page limits set forth in E.D. Mich. LR 7.1. Plaintiff's counsel is warned that a comment to that rule states, "Attempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1."

them.  Therefore, the 2017 investigation that followed is relevant to plaintiff's claims.  In the same vein, defendant's 2018 investigation was prompted by plaintiff's complaint in this Court; that investigation was tied to plaintiff's complaint and is thus relevant to her claims.  For these reasons, defendant must supplement its privilege log to include the documents related to the 2017 and 2018 investigations.  Defendant must also disclose all of the witnesses who were interviewed during those investigations.

- The parties must file by November 23, 2018 supplemental briefs of no more than five pages to address whether the documents written by the attorneys who conducted the 2017 and 2018 investigations are protected by the attorney-client or work-product privileges; whether the facts gathered by those attorneys are protected by the attorney-client privilege; and whether the notes of the 2017 investigation taken by a member of defendant's human resources department are protected by the attorney-client privilege.  The Court is familiar with the arguments and the factual background, so the briefs should focus on the applicable legal authority.

- Plaintiff's request for all documents related to all other sexual harassment investigations conducted by Murris denied for lack of relevance.  It is true that prior opinions have indicated that complaints of similar discrimination may lead to the discovery of relevant and admissible evidence.  *Williamson v. Hass*, No. 13-11066, 2014 WL 1652188, at *1 (E.D. Mich. Apr. 24, 2014); *Leeper v. Verizon Wireless*, No. 2:08-CV-727, 2009 WL 2709392, at *2 (S.D. Ohio Aug. 24, 2009).  But the amended Rule 26(b)(1) eliminated the prior language allowing discovery that appeared to be "reasonably calculated to lead to the discovery of admissible evidence."  *See Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 822 (W.D. Pa. 2016) (tracing evolution of the scope of discovery, and rejecting report and recommendation assertion that discovery requests are allowable if they may lead to information that is relevant to the general subject matter of the action).  Rule 26(b)(1) now allows discovery only of evidence that "relevant to any party's claim or defense and proportional to the needs of the case."  *See also* Federal Rule of Evidence 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove

that on a particular occasion the person acted in accordance with the character or trait.").  Plaintiff cites opinions indicating that harassment directed at co-workers around her can impact the plaintiff and support a hostile environment claim.  [ECF No. 31, PageID.729, n. 6].[2]  But plaintiff is not claiming that she was impacted by sexual harassment directed at others around her, and the evidence she is seeking relates to complaints of harassment from defendant's 35 television stations across the country and not just from those with whom she worked.  Thus, the cases she cites are distinguishable.

- Plaintiff's request for "comparator" evidence—documents (including employee personnel files) concerning other complaints, investigations or inquiries about sexual harassment, sexual misconduct, discrimination or retaliation of any employee of defendant—is denied.  Comparator evidence is relevant when a plaintiff claims that she has been treated differently than a similarly situated person outside of her

---

[2] *Citing Leibovitz v. New York City Transit Auth.,* 252 F.3d 179, 190 (2nd Cir. 2001); *Waltman v. Int'l Paper Co.*, 872 F.2d 468 (5th Cir. 1989); *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1095 n. 10 (10th Cir. 2007).

protected class. *See, e.g., McMillan v. Castro*, 405 F.3d 405, 413 (6th Cir. 2005); *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012). As noted previously, plaintiff does not make that claim here.

- RFP 30: The parties must meet and confer in an effort to agree on the identity of the custodians and the search terms for plaintiff's request to produce relevant emails.

- RFPs 31 and 40: Denied without prejudice. Plaintiff may take the depositions of the individuals identified in this RFP to determine whether they took sufficient steps to search their cell phones for the text messages requested. At this juncture, the individuals identified except Maddox have denied having any of the requested text messages. Defendant does not have custody of Maddox's phone and the parties do not know how to contact him.

- RFP 42: This overlaps with the privilege issues that will be the subject of the supplemental briefing and is therefore taken under advisement.

11

- Interrogatory 1: Defendant must supplement its answers to this interrogatory to include the information that it knows about all witnesses listed on its witness list.

- Interrogatory 6: Defendant must answer this interrogatory with respect to identifying the individuals who conducted the 2017 and 2018 investigations, and the individuals who were interviewed during those investigations.  Defendant objects that the other information requested is protected by privilege, so the remainder of this request will be addressed after the Court receives the parties' supplemental briefs.

**IT IS SO ORDERED.**

Dated: November 15, 2018           s/Elizabeth A. Stafford
Detroit, Michigan                      ELIZABETH A. STAFFORD
                                       United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2018.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager