UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

_____/

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com

Geoffrey N. Fieger (P30441)
FIEGER FIEGER KENNEY
  & HARRINGTON, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075-2463
(248) 355-5555
g.fieger@fiegerlaw.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM OPPERWALL HARDY
 & PELTON, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com

_____/

**Defendant's Brief in Opposition to
Plaintiff's Motion for Leave to Take 25 Depositions**

## Table of Contents

Table of Authorities ................................................................................................ ii

Response ..................................................................................................................1

      A.     Plaintiff has failed to make the necessary particularized showing of need for any named or unnamed proposed deponent. ........................................................................................2

      B.     Plaintiff has not yet taken key depositions of WXYZ managerial employees that could narrow the need for additional depositions, and what she does seek is cumulative, duplicative, and burdensome. ............................................4

Conclusion ................................................................................................................7

## Table of Authorities

**Cases**

*Byrd v. D.C.*, 259 F.R.D. 1 (D.D.C. 2009) ............................................................4

*E.E.O.C. v. Chrysler LLC*,
   2008 WL 2622948 (E.D. Mich. July 2, 2008).....................................................2, 7

*Harrison v. Cnty. of Oakland*,
   2006 WL 8420781 (E.D. Mich. Oct. 26, 2006) ....................................................2

*Houghtaling v. Bay Med. Ctr.*,
   1997 WL 33353513 (Mich. Ct. App. Mar. 14, 1997) ...........................................6

*Langlois v. McDonald's Rests. of Mich., Inc.*,
   149 Mich. App. 309, 317 (1986). ........................................................................6

*Martin v. Trott Law, P.C.*,
   2016 WL 9444403 (E.D. Mich. Dec. 20, 2016).....................................................2

**Other Authorities**

Amendments to Federal Rules of Civil Procedure,
   146 F.R.D. 401, 662 (1993)..................................................................................1

**Rules**

Fed. R. Civ. P. 26(b)(2)(C) ..................................................................................1, 4

Federal Rule of Civil Procedure 30(a)(2)(A)(i).......................................................1

## Response

Federal Rule of Civil Procedure 30(a)(2)(A)(i) provides that a party may not take more than 10 depositions in a civil matter without leave of Court. This ten-deposition limit "emphasize[s] that counsel have a professional obligation to develop a mutual cost-effective plan for discovery." *See* Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 662 (1993) (advisory committee note). The requirement of leave for additional depositions "assure[s] judicial review under the standards stated in Rule 26(b)(2),"*id.*—that is, whether the "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

Consistent with these policy goals, "a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary. This showing cannot be based on general assertions. Rather, the moving party must make a particularized showing why the extra depositions are necessary." *Martin v. Trott Law, P.C.*, 2016 WL 9444403, at *2 (E.D. Mich. Dec. 20, 2016) (citing authority); *see also, e.g.*, *Harrison v. Cnty. of Oakland*, 2006 WL 8420781, at *1 (E.D. Mich. Oct. 26, 2006) ("In considering whether to allow additional depositions, the Court should also consider whether the party has named

the individuals it seeks to depose and made a particularized showing of why the discovery is necessary.") In making this showing, "the moving party must not only justify the depositions it seeks to take but also the depositions it has already taken." *E.E.O.C. v. Chrysler LLC*, 2008 WL 2622948, at *6 (E.D. Mich. July 2, 2008). As of this date, Plaintiff has taken only two depositions: Jennifer Dotson, back in June, and Erin McDonald, a few days after she filed her motion for leave. Plaintiff, with eight depositions remaining, has failed to justify her demand to take fifteen additional depositions, for several reasons.

> A. **Plaintiff has failed to make the necessary particularized showing of need for any named or unnamed proposed deponent.**

Plaintiff has made no effort to provide a particularized showing for why she needs to take depositions 11 through 25. She only identifies *eleven* specific people by name in her brief. *See* Pl's Mot. ¶ 10 (Defendant itself via 30(b)(6), Fernandez, Glover, Morris, Murri, LaFlamme, Willets, Shaffe, and Leyden); ¶ 20 (Kalman and Lewis). Deposing all eleven of these people would take her to deposition number thirteen. Plaintiff does not specify for the Court which of these eleven she plans to depose as of right (although she has since noticed more depositions), why she has not yet sought to depose a 30(b)(6) witness or other "key" witnesses in lieu of the ones she has selected thus far,[1] or otherwise attempt to explain with particularity

---

[1] McDonald's deposition was a waste of time, and there is no discernible reason why she needed to be deposed in lieu of key witnesses such as the investigators

why the "extra" depositions among this list of eleven should be granted. The same is true for the other twelve unnamed witnesses that would round out her twenty-five depositions. Indeed, Plaintiff effectively *admits* that she is demanding twenty-five depositions to hedge her bets rather than due to any particularized need, acknowledging that to "depose each and every eye-witness" would result in "cumulative testimony," ¶ 27, but speculating that "several other significant witnesses will be identified" as discovery progresses who warrant deposition, ¶ 11.

Tellingly, Plaintiff's brief does not cite any of the Eastern District authority regarding the particularized showing needed for each additional deposition sought. And the out-of-district case she cites regarding "internal investigations"—*Byrd v. D.C.*, 259 F.R.D. 1 (D.D.C. 2009)—shows that the plaintiff in that case (1) sought only *four* additional depositions; (2) all four proposed deponents were allegedly involved in <u>gathering or investigating</u> the harassment complaint; and (3) the plaintiff made specific, factual showings as to what she believed each additional witness could testify to, and why each deposition satisfied the Rule 26 concerns.

---

and decision-makers for Maddox's 2015 discipline (given that the critical issue in an ELCRA case like this are the remedial measures). It appears that Plaintiff's counsel took this deposition based on the fact that Plaintiff had heard, second-hand, that Maddox had made a sexual comment to McDonald (a comment that had nothing to do with Plaintiff at all!) *See* Ex. A, Pl's Dep. 276. The deposition lasted only about an hour, once it became clear that Ms. McDonald knew little of Plaintiff's allegations beyond what was in the media reports, and once she denied the hearsay-upon-hearsay comment that apparently prompted the deposition. (That transcript has yet to be returned by the court reporter; WXYZ will provide the relevant portions once it arrives, if the Court so desires.)

*See id.* at 4-6. By contrast, here Plaintiff is demanding *fifteen* extra depositions. She does not identify all fifteen "extra" deponents or make particularized, witness-by-witness showings as to what relevant testimony they might give, or why each deposition is justified under Rule 26. And it appears that her desire for so many extra depositions is meant to accommodate some plan to re-interview people that the investigators merely *talked to*, as opposed to key investigators or decision-makers. Because she has failed to make out a particularized showing for the additional 15 depositions she demands, the motion for leave should be denied.

 **B.** **Plaintiff has not yet taken key depositions of WXYZ managerial employees that could narrow the need for additional depositions, and what she does seek is cumulative, duplicative, and burdensome.**

It is apparent that Plaintiff's discovery plan is haphazard and unfocused. As noted *supra* at n.1, she has only taken two depositions, and the most recent one was utterly unnecessary and pointless. And while she devotes a significant amount of time in her brief complaining about the protective order and procedural matters related to former employees and non-managers, she does not justify filing this motion before she's even completed the critical *supervisory* depositions that any reasonable lawyer would want to take first: the 2015 investigator; the decision-makers on Maddox's discipline; and the Defendant itself via 30(b)(6). These depositions would obviously illuminate for Plaintiff (and this Court) whether further discovery would be necessary, non-duplicative, or non-cumulative.

-4-

What few, generic reasons that Plaintiff *does* identify in her brief reflect the very sort of "unreasonably cumulative," "duplicative," and "burdensome" requests that the rules disallow. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (ii). For instance, Plaintiff's primary goal seems to be to perform a "re-investigation" of Malcolm Maddox by deposing the same witnesses that HR talked to in 2015. But why? She has the 2015 notes *and* she can depose the investigator. She thus has ample access to the investigatory steps taken by the investigator, the statements that were taken, and how the investigation related to Maddox's unpaid suspension and final written warning. Asking the *interviewees* to answer the same questions, three-plus years later, would be cumulative, duplicative, and unduly burdensome and inefficient.

This is particularly so given the governing case law. Under ELCRA a "Plaintiff cannot rely upon incidents of sexual harassment of which she was unaware to establish that she was subjected to a hostile work environment…." *Langlois v. McDonald's Rests. of Mich., Inc.*, 149 Mich. App. 309, 317 (1986). Plaintiff obviously knows what she knows; thus, what she's essentially asking for is an opportunity to "double-check" with the prior witnesses to see if they know anything else about Maddox, that they did not mention to the investigator, regarding conduct that Plaintiff was unaware of. She offers no argument as to what she thinks these witnesses might say differently from their earlier interview statements, or why that additional information is necessary to discover here.

Further, to the extent she wants to explore questions not asked or witnesses not originally interviewed, her requests are likewise unjustifiable. As discussed at length in recent briefing, ELCRA "does not require a defendant to do everything a plaintiff requests. The law only requires 'prompt and appropriate remedial action upon notice of the alleged hostile work environment.'" *Houghtaling v. Bay Med. Ctr.*, 1997 WL 33353513, at *2 (Mich. Ct. App. Mar. 14, 1997); *see also* R. 38, Pg ID 1107-1108. There is no justification for over a dozen additional depositions because Plaintiff wants to try and prove that there was some stone left unturned, when the relevant question is whether WXYZ's discipline of Maddox was reasonably calculated to end the harassment *of Plaintiff* after her complaint. Again, Plaintiff offers no legal argument justifying extra depositions on such a basis.

Plaintiff also argues that the number of people on WXYZ's witness list warrants a number of depositions. But she knows that many of these are people that she herself has identified, or she otherwise knows what substantive knowledge they would have about her claims. She has not identified any inexplicable names on the list that warrant deposition. And, of course, she has other, far more cost-effective and less burdensome avenues to learn why the names are on the witness list, rather than randomly deposing them. Indeed, WXYZ has already agreed, at the recent motion hearing, to provide additional information in an interrogatory response regarding those names. This is no basis to demand 25 depositions.

## Conclusion

Ultimately, Judge Majzoub's decision in *Chrysler* is instructive. There, as here, the plaintiff sought more than ten depositions citing "separate yet related claims" of discrimination and retaliation, and cited the number of names on the defendant's witness list. *Chrysler LLC*, 2008 WL 2622948, at *5. But just like here, at the time the plaintiff filed the motion for leave to take additional depositions, he had only used one of his allotted 10. *Id.* at *1, *5. After filing the motion, the plaintiff noticed up 9 additional depositions, but neglected to ask for a 30(b)(6) deposition. *Id.* at *5-6. As here, the *Chrysler* plaintiff "made only general and conclusory statements about the necessity of these depositions and Plaintiff seeks duplicative and cumulative information." *Id.* at *6. And, as here, the "Plaintiff's participation in discovery to date does not evidence a well-thought out discovery plan," as she could have "sought this additional information by other discovery methods or may have more narrowly tailored its discovery including depositions." *Id.* at *6. Under those circumstances, the court found "no compelling circumstances or reason to allow Plaintiff to take more than the ten depositions allowed," and denied the motion. *Id.* at *6. The Court should do the same here.

                                                 KIENBAUM OPPERWALL
                                                   HARDY & PELTON, P.L.C.

.

                                       By: */s/ Thomas J. Davis*
                                          Elizabeth Hardy (P37426)
                                          Thomas J. Davis (P78626)

                                                Attorneys for Defendant
                                                280 N. Old Woodward Ave., Suite 400
                                                Birmingham, MI 48009
                                                (248) 645-0000
Dated:  November 23, 2018             tdavis@kohp.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.


                                              */s/ Thomas J. Davis*
                                              Thomas J. Davis (P78626)
                                              Kienbaum Opperwall Hardy & Pelton, P.L.C.
                                              280 N. Old Woodward Avenue, Suite 400
                                              Birmingham, MI  48009
                                              (248) 645-0000
                                              tdavis@kohp.com

310670