UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

---

| | |
|---|---|
| Michael N. Hanna (P81462)<br>MORGAN & MORGAN, P.A.<br>Attorney for Plaintiff<br>2000 Town Center, Suite 1900<br>Southfield, MI  48075<br>(313) 251-1399<br>mhanna@forthepeople.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM OPPERWALL HARDY<br> & PELTON, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@kohp.com<br>tdavis@kohp.com |
| Geoffrey N. Fieger (P30441)<br>FIEGER FIEGER KENNEY<br> & HARRINGTON, P.C.<br>Attorney for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI  48075-2463<br>(248) 355-5555<br>g.fieger@fiegerlaw.com | |

---

**Defendant's Motion for Protective Order to Preclude Plaintiff's Attempts to Circumvent the Court's Discovery Order Regarding Unrelated Complaints**

Defendant Scripps Media, Inc., d/b/a WXYZ-TV ("Defendant" or "WXYZ"), hereby files its motion for a protective order, under Federal Rule of Civil Procedure 26(c)(1)(D), precluding Plaintiff from inquiring into topics at deposition that this Court has already held to be irrelevant—namely, allegations regarding harassment, discrimination, or retaliation complaints that are unrelated to Plaintiff or Malcolm Maddox. Despite the Court's November 15, 2018 ruling that such information is irrelevant to Plaintiff's claims, Plaintiff has sought to circumvent that ruling by inquiring into the topics with both of the witnesses she has deposed since the Order issued, and has telegraphed her intention to make the same inquiries of further deponents. For the reasons set forth here and in the accompanying brief, WXYZ requests that the Court enter the protective order.

Counsel for WXYZ attempted to obtain concurrence in this motion, but Plaintiff's counsel did not concur, necessitating this motion.

                                      KIENBAUM OPPERWALL
                                        HARDY & PELTON, P.L.C.

                                      By: */s/Thomas J. Davis*
                                           Elizabeth Hardy (P37426)
                                           Thomas J. Davis (P78626)
                                           Attorneys for Defendant
                                      280 N. Old Woodward Ave., Suite 400
                                      Birmingham, MI 48009
                                      (248) 645-0000
                                      ehardy@kohp.com
Dated:  December 7, 2018          tdavis@kohp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

_____/

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

| | |
|---|---|
| Michael N. Hanna (P81462)<br>MORGAN & MORGAN, P.A.<br>Attorney for Plaintiff<br>2000 Town Center, Suite 1900<br>Southfield, MI  48075<br>(313) 251-1399<br>mhanna@forthepeople.com<br><br>Geoffrey N. Fieger (P30441)<br>FIEGER FIEGER KENNEY<br> & HARRINGTON, P.C.<br>Attorney for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI  48075-2463<br>(248) 355-5555<br>g.fieger@fiegerlaw.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM OPPERWALL HARDY<br> & PELTON, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@kohp.com<br>tdavis@kohp.com |

_____/

**Brief in Support of Defendant's Motion for Protective Order to Preclude
Plaintiff's Attempts to Circumvent the Court's Discovery Order Regarding
Unrelated Complaints**

## STATEMENT OF ISSUE PRESENTED

On November 15, 2018, the Court denied Plaintiff's motion to compel documents regarding other sexual harassment, discrimination, or retaliation complaints, unrelated to Plaintiff or Maddox, that were handled by WXYZ's Mike Murri or any of the Defendant's stations nationwide, on grounds of relevance. Plaintiff, nevertheless, has attempted to circumvent this relevance ruling by demanding information about the same, verbally, from subsequent deponents. Should the Court grant a protective order precluding Plaintiff's inquiry into these irrelevant topics at deposition?

# CONTROLLING AUTHORITIES

**Cases**

*Dooley v. Recreation & Parks Comm'n*,
  2009 WL 10678949 (M.D. La. Nov. 5, 2009) ....................................................... 2

*O'Brien v. Equitable Life Assur. Soc. of U.S.*,
  14 F.R.D. 141 (W.D. Mo. 1953) .......................................................................... 2

*Tilton v. Capital Cities/ABC Inc.*,
  938 F. Supp. 748 (N.D. Okla. 1995) ............................................................... 1, 2

Among Plaintiff's demands in her recent motion to compel were documents regarding sexual harassment investigations handled by Mike Murri, and "sexual harassment, sexual misconduct, discrimination and/or retaliation by any employee of Defendant" – that is, at any of Scripps Media's properties nationwide. *See* R. 31, Pg ID 728, 730-31 (Ex. A). On November 15, 2018, the Court denied these requests due to lack of relevance. *See* R. 47, Op. & Order, Pg ID 1616-18 (Ex. B).

Since that ruling, Plaintiff has taken only two depositions—both on December 6, 2018, and both either current or former employees of WXYZ. Yet despite the Court's ruling on the irrelevance of *unrelated* sexual harassment, discrimination, or retaliation claims, Plaintiff has effectively sought to circumvent the Court's order by demanding the same information from the deponents, and has expanded her inquiry beyond sexual harassment or discrimination, to ask about *racial* or other kinds of discrimination which, *a fortiori*, are likewise irrelevant here. *See* Ex. C, Lewis Dep. (Rough) at 135-36; Ex. D, Roethler Dep. (Rough) at 38. Needless to say, this is improper. *See, e.g.*, *Dooley v. Recreation & Parks Comm'n*, 2009 WL 10678949, at *2-4 (M.D. La. Nov. 5, 2009) (granting protective order limiting scope of deposition to prevent party from "seeking, through oral testimony, information that he was precluded from obtaining through written discovery"); *O'Brien v. Equitable Life Assur. Soc. of U.S.*, 14 F.R.D. 141, 141 (W.D. Mo. 1953) (precluding depositions intended to "circumvent the rulings

heretofore made" regarding interrogatories). Relatedly, in *Tilton v. Capital Cities/ABC Inc.*, 938 F. Supp. 748, 750 (N.D. Okla. 1995), *aff'd*, 95 F.3d 32 (10th Cir. 1996), the court had earlier held that certain employment contracts of ABC's journalists "ha[d] no relevance to these proceedings," and permitted the redaction of the individual defendants' personal home addresses and phone numbers. *Id.* at 750-751. Nonetheless, "Plaintiff… continued to attempt to discern information contained in these contracts during discovery" and "attempted to elicit [the personal] information through certain questions posed by Plaintiff's counsel during deposition." *Id.* The Court thus entered an order precluding Plaintiff's counsel from eliciting testimony from witnesses on these irrelevant topics. *Id.*

Here, the next deposition that Plaintiff will take is that of Mr. Murri himself, to be followed by the depositions of other WXYZ managers and HR personnel. There is every reason to believe that Plaintiff will again try to circumvent the Court's order in those depositions; indeed, when WXYZ's counsel sought concurrence in this motion, Plaintiff's counsel denied the plain text of the Court's order, and then argued that the Court's order did not expressly forbid him from asking about irrelevant topics at deposition. *See* Ex. E, December 7, 2018 E-mail Chain. Under Rule 26(c)(1)(D), the Court may enter a protective order "forbidding inquiry into certain matters" at a deposition. Insofar as the Court has already determined that Plaintiff's requests for discovery into harassment, discrimination,

-3-

or retaliation allegations that do not involve Plaintiff or Maddox are irrelevant, the Court should enter a protective order forbidding Plaintiff's inquiry into those topics through the questioning of witnesses at deposition.

                              KIENBAUM OPPERWALL
                               HARDY & PELTON, P.L.C.

                              By: */s/ Thomas J. Davis*
                                  Elizabeth Hardy (P37426)
                                  Thomas J. Davis (P78626)
                              Attorneys for Defendant
                              280 N. Old Woodward Ave., Suite 400
                              Birmingham, MI 48009
                              (248) 645-0000
                              ehardy@kohp.com
Dated:  December 7, 2018           tdavis@kohp.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
E-mail:  tdavis@kohp.com

311818