UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

           Plaintiff,

v.

SCRIPPS MEDIA, INC. d/b/a
WXYZ-TV,

           Defendant.

_____/

Civil Action No.: 18-10735
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**ORDER REGARDING DISCOVERY MOTIONS**
**[ECF NOS. 23, 31, 41, 45, 59, 61]**

On December 20, 2018, the Court held a hearing on various motions that were referred by the Honorable Paul D. Borman for hearing and determination. For the reasons stated on the record, the Court rendered decisions described below.

**1. Notes within Plaintiff's Possession [ECF No. 23]**

For defendant's request for production of documents 7, plaintiff must produce all notes from 2012 to December 31, 2016 of any conversations between plaintiff and defendant, or any of defendant's employees, former employees or agents, related to her allegations of harassment by Maddox,

or of her suffering from panic attacks, depression, sleeplessness, anxiety or taking medications for those conditions.[1]

## 2. Attorney-Client Privilege [ECF No. 31]

After reviewing the parties' initial and supplemental briefs, [*see* ECF Nos. 31, PageID.734-43; ECF No. 38, PageID.1121-24; ECF No. 47, PageID.1615; ECF Nos. 50 & 52], the Court **DENIES** plaintiff's motion to compel documents that defendant has identified as being protected by the attorney-client and/or attorney work-product privileges.

## 3. Emails [ECF No. 31]

After the parties' meet and confer ordered by ECF No. 47, they agreed with respect to plaintiff's request for production of documents 30 that the custodians would be Murri, Manney, Fernandez, Roethler, McDaniel, Jordan, Zachay and Wakeman. They also agreed to the search terms set forth in plaintiff's motions, [ECF No. 31, PageID.744, n.21], except that defendant objects to emails in which both plaintiff's names ("Tara" or "Edwards") and Maddox's names ("Malcom," "Malcolm" or "Maddox") appear without any of the other search terms (*e.g.*, "sex" or "harassment"). Defendant argues that voluminous irrelevant and routine

---

[1] Edwards reportedly testified that she does not possess any relevant notes. This order is intended to make clear that she has an obligation to turn over any notes as described.

emails would be captured by searching for emails that merely contain both plaintiff's and Maddox's names.

The Court **GRANTS** plaintiff's motion to compel emails to and from the above-named custodians that contain both plaintiff's and Maddox's names from January 2015 to February 2015 (the period in which plaintiff made her complaint and defendant investigated it).  Defendant is not required to produce emails that merely contain plaintiff's and Maddox's names beyond that period.

The Court also orders defendant to produce emails from January 2015 to April 2015 from custodians Manney, Murri and Fernandez that include any of Maddox's names combined with "promote," "morning show," "morning slot" or "morning spot."  Defendant is further ordered to produce emails from January to February 2015, and December 2017 to March 2018, from custodians Faust, McDaniel, Jordan, Zachay, Wakeman, Maddox, Murri, Manney, Fernandez and Roethler that include Maddox's names combined with "suspend," "terminate," "reprimand," "discipline" or "inappropriate."

The ordered emails must be produced no later than January 31, 2019.  Plaintiff asked that the emails be produced by January 4, 2019, but the Court finds that timeline to be infeasible, especially considering the

upcoming holidays.  And while the discovery deadline is set for January 14, 2019, the parties agreed on the recording during the December 20 hearing that depositions could be taken until the end of February 2019.  Plaintiff may also move to adjourn the discovery and other scheduling order deadlines.

4. **Plaintiff's Interrogatories 1 and 6 [ECF No. 31]**

As a supplement to ECF No. 47, PageID.1619, defendant must produce the information ordered with respect to interrogatories 1 and 6 by January 4, 2019.

5. **Motion for Leave to Conduct 25 Depositions [ECF No. 41]**

The Court **GRANTS IN PART AND DENIES** in part plaintiff's motion and will permit her to take 15 depositions in total.  Plaintiff is not permitted to notice the depositions of defendant's inhouse or retained counsel without leave of court.

6. **Motion for Leave to Conduct Rule 35 Mental Health Examination [ECF No. 45]**

The Court **GRANTS** defendant's motion for leave to conduct a mental health examination under Federal Rule of Civil Procedure 35, as described in ECF No. 45-3, PageID.1476, except that the examination cannot exceed four hours on each of the two consecutive days of the examination (thus, no more than eight hours total).

### 7. Motion for Protective Order to Preclude Plaintiff's Attempts to Circumvent Discovery Order [ECF No. 59]

Due to lack of relevance, the Court previously denied plaintiff's requests for documents related to other sexual harassment investigations as well as "comparator" evidence concerning other complaints, investigations or inquiries about sexual harassment, sexual misconduct, discrimination or retaliation of any employee of defendant. [ECF No. 47, PageID.1616-18]. Since evidence of other allegations of sexual harassment, discrimination, retaliation and the like are not relevant, it is outside the scope of evidence permitted under Federal Rule of Civil Procedure 26(b)(1), and inquiry into other allegations would cause witnesses unwarranted annoyance or embarrassment, particularly in this high-profile case. [*See, e.g.*, ECF No. 59-4, PageID.1877-78 (deposition testimony in which plaintiff's counsel asked witness Glenda Lewis, a well-known anchorwoman, if she complained of sexual harassment at the television station, prompting Lewis to request that defense counsel file motion for protective order)]. Pursuant to Rules 26(b)(2) and 26(c), the Court **GRANTS** defendants' motion to preclude plaintiff for questioning witnesses about other allegations of sexual harassment, discrimination, retaliation and the like, except that she may question witnesses about any alleged sexual harassment or misconduct on the part of Maddox. *See also*

5

*Dibbern v. Univ. of Michigan*, No. 12-15632, 2015 WL 1510411, at *6 (E.D. Mich. Apr. 1, 2015).

### 8. Motion for Protective Order re Personal Cell and Home Phone Numbers of Represented Witnesses [ECF No. 61]

The Court **GRANTS** defendant's motion for a protective order to preclude plaintiff from asking represented witnesses for their cell or home phone numbers, and those number are not relevant to a claim or defense, and asking the witnesses to provide them raises privacy concerns. *Estate of Romain v. City of Grosse Pointe Farms*, No. CV 14-12289, 2017 WL 1438770, at *3 (E.D. Mich. Apr. 24, 2017) (upholding order striking cell phone numbers of individual officers from deposition due to lack of relevance). Plaintiff's only argument for relevance is contingent on a witness leaving defendant's employ and not providing defendant with his/her future contact information. To address this concern, if a currently represented witness separates from defendant, defendant must collect and produce for plaintiff that witness's contact information. The chance that any such witness will leave his/her employment with defendant without defendant having an opportunity to collect contact information is remote.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 21, 2018

The parties are warned that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order.  See E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2018.

s/Marlena Williams<br>MARLENA WILLIAMS<br>Case Manager