UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

    Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

---

| | |
|---|---|
| Michael N. Hanna (P81462)<br>MORGAN & MORGAN, P.A.<br>Attorney for Plaintiff<br>2000 Town Center, Suite 1900<br>Southfield, MI 48075<br>(313) 251-1399<br>mhanna@forthepeople.com<br><br>Geoffrey N. Fieger (P30441)<br>FIEGER FIEGER KENNEY<br>  & HARRINGTON, P.C.<br>Attorney for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI 48075-2463<br>(248) 355-5555<br>g.fieger@fiegerlaw.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM HARDY<br>VIVIANO PELTON & FORREST,<br>P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

---

**Defendant's Reply in Support of Its Motion for Protective Order to Quash or
Modify Plaintiff's 30(b)(6) Notice**

Plaintiff's opposition to WXYZ's motion to quash devotes more space to unnecessary and irrelevant attacks on her opponent than responding to the Rule 26 and Rule 30 issues that permeate her overbroad 19-topic 30(b)(6) notice. Instead, Plaintiff cherry-picks a few cases that address similar topics, and argues that these cases absolutely entitle her to include those topics in her notice, without analyzing the specific Rule 26 factors applied *to this case*—*i.e.*, proportionality, cumulativeness, duplication, burdensomeness, and the other factors in the rule.

The tenor of Plaintiff's response all but confirms what WXYZ anticipated: this 30(b)(6) notice is not about obtaining factual information. Rather, it is an inappropriate end of discovery "catch-all" technique intended to revisit already-obtained evidence, designed to force WXYZ to make its old witnesses testify again, or else educate new witnesses who would need to memorize a gargantuan amount of already-covered material. The notice should be quashed, or significantly pared back to topics that are appropriate and manageable for a seven-hour deposition.

**Argument**

Plaintiff's primary argument in opposition to the motion to quash is a claim that her 30(b)(6) topics may not be modified by a showing of overbreadth, irrelevance, and the like. Instead, she claims that the Court is powerless to modify her 30(b)(6) notice unless WXYZ shows proof of "serious injury," without defining what that requires. R. 119, Pg ID 3342. She is simply wrong; whether "on motion or

on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules" if the discovery is cumulative, duplicative, obtainable from a less burdensome source, or otherwise is outside the scope of discovery in Rule 26(b)(1). *See* FRCP 26(b)(2); *see also generally Dibbern v. Univ. of Mich*, 2015 WL 1510411, at *4 (E.D. Mich. Apr. 1, 2015).

Plaintiff also claims, in a continued misunderstanding of how precedent works at the district court level (*see* Order, R. 115), that the EDMI does not interpret the "reasonable particularity" language of Rule 30(b)(6) to require "painstaking specificity." R. 119, Pg ID 3343. But neither of her cited cases say this, and neither analyzes what "reasonable particularity" requires. Plaintiff cites *nothing* to support her novel proposition that 30(b)(6) topics need only be "specific" in the sense that they are not vague. *Id.* Nor could she; as discussed, the purposes of Rule 30(b)(6), the procedures it demands, and the 2015 Amendments' revitalization of Rule 26 all call for the sort of specific, narrow, and relevant topics that Plaintiff refuses to provide. R. 110, Pg ID 3227-28. However the test is articulated, Plaintiff fails it.

### A.  **Plaintiff ignores the Rule 26 problems of her "policy" topics.**

Plaintiff's defense of her policy topics rests on a strawman argument, pretending that WXYZ's problem is with the identification of the policies therein. R. 119, Pg ID 3345. In fact, WXYZ's objection is that Plaintiff's topics (1) cover policies other than those at issue in this case; (2) cover a 5-year timeframe, rather

than the only relevant times in this case; and (3) still seeks to discuss the application of policies to cases apart from Maddox's. As to these concerns, Plaintiff *confirms* that she has intentionally refused to limit her topics along these lines. *Id.* at 3347-48.

This is inappropriate. Plaintiff could easily have proposed topics related to particular relevant events, and the particular policies applicable to them—for instance, "Policies in place at WXYZ in 2015 applicable to investigating sexual harassment allegations." Instead, she issued extraordinarily broad topics that would require a witness to prepare to answer questions about all sorts of policies that have nothing to do with this case. Ultimately, Plaintiff is running a "hide the ball" strategy, intended to avoid tipping off WXYZ as to the actual areas of inquiry. But Rule 30(b)(6) expressly prohibits hiding the ball. The policy topics are inappropriate.

### B.     The anchor compensation topic is entirely unjustified.

Plaintiff's justification for the anchor compensation topic is that Plaintiff has a disparate-treatment failure-to-promote claim related to the "promotion" Maddox allegedly received in April 2015. R. 119, Pg ID 3349. But Plaintiff has raised no such claim; indeed, Plaintiff's counsel *affirmatively disclaimed* a disparate treatment theory before this Court. In response to the Court's questions about the nature of Plaintiff's claims, Plaintiff's counsel represented that Plaintiff's sex discrimination claim was for "sexual harassment" and "[n]ot gender discrimination," and agreed that she was "not saying that she was treated differently than similarly-situated

people who aren't women." *See* Ex. A, 11/13/2018 Hr'g Tr. at 6-7. Plaintiff cannot—months after the official close of discovery—try to manufacture an unpled and previously waived claim through a 30(b)(6) witness. This topic should be stricken.

### C. Plaintiff has no justification for re-deposing decision-makers.

With respect to the Maddox investigation and termination topics, Plaintiff all but admits that she has no motivation other than what WXYZ anticipated: that she can disadvantage WXYZ by either forcing Murri, Fernandez, and Storrs to be deposed again, or else forcing it to designate a new witness to memorize their earlier testimony who might not remember it all. Her argument, in essence, is that case law entitles her to do this, and she is doing it because she can.[1] R. 119, Pg ID 3350-52. The Court should summarily strike these topics based on Plaintiff's tacit acknowledgment that she is not using discovery for the purpose of learning facts, but instead for harassment or gamesmanship. *See, e.g.*, FRCP 26(c)(1)(A).

The arguments are also substantively meritless. Plaintiff acknowledges WXYZ's cited authority prohibiting duplicative discovery of this kind, and instead simply tries to distinguish those cases on immaterial facts. Further, Plaintiff's non-binding cases to the contrary nearly all predate the December 2015 strengthening of

---

[1] Plaintiff's only claim that earlier depositions were insufficient is a patently false allegation that "Defendant has thus far failed to explain why Defendant chose not to terminate Maddox in 2015." R. 119, Pg ID 3352. In fact, Plaintiff's counsel *explicitly* asked decision-maker Fernandez this question ("Okay, why did you decide not to terminate his employment?") and Fernandez answered it. *See* Ex. B, Dep. 82-84.

the prohibitions in Rule 26 against disproportionate, cumulative, and duplicative discovery. Indeed, the one that doesn't—*Majestic*—expressly acknowledges that a party may "designate prior depositions as responsive and offer to be bound by the testimony given in those depositions in lieu of having to produce the same witnesses to answer the same questions again," language Plaintiff ignores. 2018 WL 3358641, at *12. The Court should strike these topics, or at a minimum permit WXYZ to designate the testimony of Murri, Fernandez, and Storrs as the company's testimony.

### D.     Plaintiff's topics 15 and 19 are unjustified.

Plaintiff's attempts to justify her demands to inquire into WXYZ's discovery responses rests on sleight of hand. Ignoring WXYZ's authority that 30(b)(6) topics directed at the lawyer-driven RFP response process are improper, Plaintiff cites a number of cases where either (1) the 30(b)(6) topic at issue related to email and computer storage *in general*, rather than specific privileged searches; or (2) cases where there was no objection on the grounds WXYZ raises. R. 119, Pg ID 3354-55.

If anything, a close review of several of Plaintiff's cases actually support WXYZ's larger point: without some specific showing that there was a problem with the discovery searches, it is improper for Plaintiff to engage in this sort of broad fishing expedition, even absent privilege issues. *See, e.g.*, *Ideal Aerosmith, Inc.*, 2008 WL 4693374, at *2-3 (finding topic relevant due to party's "fail[ure] to produce any meaningful documents"); *Ballentine*, 2016 WL 2743504, at *6 (noting

court would be "receptive" to proportionality argument when plaintiff had no evidence of an unreasonable search, but defendant failed to object prior to the deposition). Here, Plaintiff has not propounded a deposition topic related to computer servers or general document storage, nor has she sought to justify such a request. Instead, she directly demands an intrusive inquiry into the attorney-led act of collecting documents responsive numerous specific RFPs.[2] She also utterly ignores WXYZ's argument that the ESI topic is irrelevant and improper given the terms of the discovery plan. These topics should not be permitted.

### E.    Plaintiff failed to justify her topics on WXYZ's Answer.

Plaintiff similarly ignores WXYZ's extensive authority rejecting broad requests for "all facts and evidence" supporting denials and affirmative defenses, even when sought in interrogatories. And she cites no cases permitting such an "all facts and evidence" topic with respect to denials in an answer or legalistic affirmative defenses. Instead, the handful of cases she cites—most predating the amended discovery rules—merely allowed inquiry into *affirmative* factual allegations, and not "all facts and evidence supporting" a denial of something Plaintiff drafted. *See, e.g.*,

---

[2] Plaintiff now falsely claims that WXYZ produced an "incomplete" investigative file. R. 119, Pg ID 3357 n.8. What she attaches, however, are apparently draft versions of investigation notes that Erika Storrs sent to herself via email, which were found in the keyword search of Storrs's emails. They were not part of the "investigatory file." But as even a cursory review of the documents show (*compare* R. 119-12 *with* R. 41-2), the documents Plaintiff fusses about are substantively identical to what is in the investigatory file, with a few words different here or there.

*United Techs.*, 1998 WL 1796257 (allowing *defendant* to inquire into *plaintiff's* allegations); *Babcock* (same); *cf. Majestic*, 2018 WL 3358641, at *6 (S.D. Ohio July 10, 2018) ("Majestic is not entitled, however, to testimony on the facts it set forth it its own Complaint…."). *See* R. 119, Pg ID 3357-58.

Further—consistent with Plaintiff's overarching argument that she is simply entitled to certain topics without regard to Rule 26—Plaintiff offers no specific response to WXYZ's argument that her requests are overbroad, burdensome, and otherwise prohibited by Rule 26. As WXYZ explained, Plaintiff's *ninety-five* paragraph complaint is full of broad fact statements, argument, and legalistic claims that WXYZ had to answer. WXYZ's affirmative defenses are largely legal concepts. One could not hope to have a single human being memorize "all facts and evidence" related to 100 paragraphs' worth of answer and defenses—and such questioning necessarily will intrude into privilege. These topics are overbroad and inappropriate.

### F. Plaintiff ignores that her legal hold topic *expressly* seeks the legally-privileged aspect of the legal hold process.

Plaintiff's response to topic 18—regarding the legal hold memo—tries to attack WXYZ's counsel for something WXYZ affirmatively stated in its brief: "Likewise, while '[t]he fact of a litigation hold is not privileged or protected by work product… the mental thought processes of lawyers authoring and promulgating litigation holds is privileged or protected.' *Beaudry v. TeleCheck Servs., Inc.*, 2013 WL 12355782, at *2 (M.D. Tenn. Mar. 31, 2013)." *See* R. 110, Pg ID 3240. It is

Plaintiff, however, who misreads *Beaudry*, which permitted inquiry into the company's general document retention policies and procedures; *i.e.*, the policies that "supposed to govern defendants' preservations policies *absent* a legal hold," *id.* (emphasis added), as well as the fact of the litigation hold issued, *id.* It did not say that the litigation hold's contents were not privileged, and—as quoted above—*expressly* held that the creation and promulgation of the hold was privileged.

As WXYZ argued, it is *precisely* the privileged "mental thought processes of lawyers authoring and promulgating litigation holds" that Plaintiff's topic seeks: a "[g]eneral description of WXYZ's legal hold process including all details of that policy and specific steps that were taken in this case to implement the hold." R. 110-6, Pg ID 3282. By contrast, Topic 18 plainly does *not* discuss WXYZ's document retention policies absent a hold, nor does it seek to inquire into the specific, non-privileged fact that a hold was issued in this case. This topic should be stricken.[3]

### G. The Court should enter WXYZ's requested deposition conditions.

Plaintiff's response also confirms her counsel's intent to ask improper hypothetical questions of the 30(b)(6) witness, and disregard the 7-hour time limit. She also refuses to agree to having a 30(b)(6) deposition (if permitted at all) at

---

[3] Plaintiff also continues to make baseless accusations of "spoliation" without any effort to explain how anything on Maddox's 2018 cell phone would even be relevant, let alone that such relevant evidence existed and was destroyed intentionally by WXYZ. *See Newberry v. Silverman*, 789 F.3d 636, 647 (6th Cir. 2015) (rejecting claim of spoliation "based on speculation and guesswork").

WXYZ's counsel's office, for the convenience of the likely multiple witnesses. Worse, her argument is essentially that this Court cannot do anything about it beforehand, claiming "ripeness" concerns. R. 119, Pg ID 3362. This argument is nonsense; Courts unambiguously have the power to set limits on forthcoming discovery, as this Court has already done in this case. *See, e.g.*, FRCP 26(b)(2)(C) (permitting court to limit "frequency or extent of discovery"); FRCP 26(c) (authorizing court to "specify[] terms" for discovery, including "time and place"); *Rorrer v. City of Stow*, 743 F.3d 1025, 1048 (6th Cir. 2014) (recognizing court's well-established discretion to control discovery under Rule 26).

Further, to the extent Plaintiff raises arguments on the merits, those arguments are unavailing. Plaintiff ignores the special nature of a 30(b)(6) deposition—*i.e.*, the discovery of *facts* the corporation knows, through the vessel of a person educated with that information. As WXYZ showed, this procedure does not permit hypothetical questions, and Plaintiff does not cite a single case where a Court held that such questions were permissible of a 30(b)(6) witness in their capacity as the "corporation" speaking: *Troutman, Dent,* and *Namoury* were not 30(b)(6) cases, and *Active Sports* refers to a hypothetical question <u>asked by the judge</u> at the hearing.

Moreover, Plaintiff's response on the 7-hour limit only reconfirms the pressing need for that limit to be enforced: Plaintiff now states that her intention is *not* simply to question witnesses on her 19 overbroad topics, but that she also intends

-9-

to question WXYZ's designated witnesses on *other* topics, in their personal capacities. R. 119, Pg ID 3363. This assertion gives away the game: as WXYZ anticipated, Plaintiff's use of extraordinarily broad topics appears intended, at least in part, to evade the deposition limits by either forcing old witnesses to submit to renewed questioning outside of the 30(b)(6) topics, *or* to get entirely fresh witnesses that Plaintiff will question on any topic Plaintiff pleases. This should be forbidden.

    Finally, Plaintiff agrees that the deponent controls the location of the 30(b)(6) deposition, but insists that WXYZ's only options are to either let her counsel take depositions on WXYZ property, or else the witnesses will be required to sit around her counsels' office waiting their turn to be questioned. Plaintiff offers no justification for this forced choice, and it makes no sense. If the Court allows any deposition—and it should not—there will be multiple witnesses. There is no reason to have them sit around all day in a hostile location. The purpose and intent of the home-office rule supports a deposition location of WXYZ's choosing.

                                                   *s/ Thomas J. Davis*
                                                   Elizabeth Hardy (P37426)
                                                   Thomas J. Davis (P78626)
                                      KIENBAUM HARDY VIVIANO
                                       PELTON & FORREST, P.L.C.
                                      Attorneys for Defendant
                                      280 N. Old Woodward Ave., Suite 400
                                      Birmingham, MI 48009
                                      (248) 645-0000
Dated: April 1, 2019                  tdavis@khvpf.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                          */s/Thomas J. Davis*
                                          Thomas J. Davis (P78626)
                                          Kienbaum Hardy
                                          Viviano Pelton & Forrest, P.L.C.
                                          280 N. Old Woodward Ave., Ste. 400
                                          Birmingham, MI  48009
                                          (248) 645-0000
                                          tdavis@khvpf.com

318800