UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

      Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corporation,

      Defendant.

Case No: 18-10735

Hon. Paul D. Borman

Magistrate Judge:
Elizabeth A. Stafford

---

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com

Geoffrey N. Fieger (P30441)
FIEGER FIEGER KENNEY
  & HARRINGTON, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075-2463
(248) 355-5555
g.fieger@fiegerlaw.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendant's Brief in Opposition to Plaintiff's Objection to Court's April 16, 2019 Ruling Limiting Scope of Plaintiff's Rule 30(b)(6) Notice**

# Table of Contents

Principal Authorities Relied On..................................................................... ii

Introduction ........................................................................................................1

Procedural Background.....................................................................................2

Standard of Review ...........................................................................................3

Argument..............................................................................................................4

I.   Plaintiff's "objection" does not contest the Magistrate Judge's
     key ruling that the Federal Rules unambiguously authorize a
     Court to limit the scope of a party's 30(b)(6) notice. .......................5

II.  The Magistrate Judge acted well within her discretion in
     limiting the temporal scope of Plaintiff's "policy" topics to a
     relevant time and scope. ......................................................................8

III. The Magistrate Judge acted well within her discretion in
     quashing the anchor-compensation topic, particularly given
     Plaintiff and her counsel's own admissions as to the
     speculative nature of that claim. ......................................................11

IV.  Plaintiff ignores, and thus waives, any objection to the
     Court's actual ruling on her improper request for documents. ....14

V.   Plaintiff has also largely waived her "objection" to the
     Court's ruling on investigations, and fails to demonstrate any
     error.........................................................................................................17

VI.  The Magistrate Judge's ruling that Plaintiff failed to justify
     for discovery about discovery is correct, and well within her
     discretion................................................................................................19

VII. The Magistrate Judge also correctly found that Plaintiff made
     no showing of "spoliation" necessary to support litigation-
     hold discovery, and Plaintiff ignores her alternative holding
     regarding overbreadth.........................................................................22

# Principal Authorities Relied On

## Cases

*Alvey v. State Farm Fire & Cas. Co.*,
  2018 WL 826379 (W.D. Ky. Feb. 9, 2018) ........................................................6

*Ball Corp. v. Air Tech of Mich., Inc.*,
  329 F.R.D. 599 (N.D. Ind. 2019) ........................................................................6

*Ballentine v. Las Vegas Metro. Police Dep't*,
  2016 WL 274304 (D. Nev. May 9, 2016) ..........................................................21

*Beattie v. CenturyTel, Inc.*,
  2009 WL 4646116 (E.D. Mich. Dec. 7, 2009)....................................................17

*Beaudry v. TeleCheck Servs., Inc.*,
  2013 WL 12355782 (M.D. Tenn. Mar. 31, 2013)........................................ 24, 25

*Beaven v. U.S. Dep't of Justice*,
  622 F.3d 540 (6th Cir. 2010)..............................................................................23

*Chrysler Corp. v. Fedders Corp.*,
  643 F.2d 1229 (6th Cir. 1981).............................................................................13

*Commins v. NES Rentals Holdings, Inc.*,
  2018 WL 3186983 (W.D. Ky. June 28, 2018) ...................................................20

*Convertino v. U.S. Dep't of Justice*,
  2008 WL 4104347 (E.D. Mich. Aug. 28, 2008) ..................................................6

*Czerneski v. Am. Blue Ribbon Holdings, LLC*,
  2014 WL 1304596 (E.D. Mich. Mar. 28, 2014)....................................................3

*DiPonio Const. Co. v. Int'l Union of Bricklayers Allied Craftworkers*,
  739 F. Supp. 2d 986 (E.D. Mich. 2010) ...............................................................4

*Dongguk Univ. v. Yale Univ.*,
  270 F.R.D. 70 (D. Conn. 2010) ............................................................................7

*Duby v. Shirley May's Place, LLC*,
  2017 WL 5022639 (E.D. Mich. Nov. 3, 2017) .....................................................4

*Freed v. Home Depot U.S.A., Inc.*,
  2019 WL 582346 (S.D. Cal. Feb. 13, 2019) ........................................................20

*Hemlock Semiconductor Corp. v. Kyocera Corp.*,
  2016 WL 1660862 (E.D. Mich. Apr. 27, 2016) ....................................................4

*Hennigan v. Gen. Elec. Co.*,
  2010 WL 4189033 (E.D. Mich. Aug. 3, 2010) ......................................................4

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
  2008 WL 4693374 (W.D. Pa. October 23, 2008) ..................................................21

*In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*,
  314 F.R.D. 397 (E.D. La. 2016) ..........................................................................16

*Lemmon v. City of Akron*,
  2019 WL 1501540 (6th Cir. Apr. 4, 2019)............................................................23

*Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*,
  2013 WL 5311292 (S.D. Ohio Sept. 20, 2013)....................................................23

*Massey v. City of Ferndale*,
  7 F.3d 506 (6th Cir. 1993).......................................................................................3

*Mortg. Resolution Serv., LLC v. JPMorgan Chase Bank*,
  2016 WL 3906712 (S.D.N.Y. July 14, 2016) ......................................................20

*Murr v. United States*,
  200 F.3d 895 (6th Cir. 2000)...................................................................................3

*Neighborhood Ass't Corp. of Am. v. U.S. Dep't of Hous. & Urban Dev.*,
  19 F. Supp. 3d 1 (D.D.C. 2013) ...........................................................................24

*Nguyen v. City of Cleveland*,
  229 F.3d 559 (6th Cir. 2000)................................................................................14

*Nutramax Labs., Inc. v. Twin Labs. Inc.*,
  183 F.R.D. 458 (D. Md. 1998) .............................................................................16

*Peterson v. Burris*,
  2016 WL 1458107 (E.D. Mich. Apr. 14, 2016)......................................................3

*Stacy v. H & R Block Tax Servs., Inc.*,
   2011 WL 807563 (E.D. Mich. Mar. 2, 2011)..........................................................7

*State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*,
   255 F. Supp. 3d 700 (E.D. Mich. 2017).................................................................4

*U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*,
   2018 WL 4471777 (S.D. Miss. Sept. 18, 2018)...................................................20

*United States v. Russell*,
   156 F.3d 687 (6th Cir. 1998).................................................................................3

*Vennet v. Am. Intercontinental Univ. Online*,
   2007 WL 4442321 (N.D. Ill. 2007).....................................................................21

*Waters v. Drake*,
   222 F. Supp. 3d 582 (S.D. Ohio 2016).................................................................8

## Other Authorities

8 Wright & Miller, Fed. Prac. & Proc. Civ. § 2008.1 (3d ed.)..................................8

8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2036 (3d ed.).................................7

## Introduction

Sixth Circuit precedent has long confirmed that courts have wide discretion to limit discovery. And the Federal Rules of Civil Procedure encourage judges to prevent discovery overuse and abuse, stating that a Court *must* limit unreasonably cumulative, duplicative, disproportionate, or burdensome discovery. This case—a relatively straightforward, single-plaintiff employment matter—is a prime example of the need for such judicial control. This matter has been marked by grossly excessive discovery practice, as this Court implicitly recognized when it denied Plaintiff's earlier attempt to procure an open-ended discovery extension. R. 81.

Having been denied that extension, Plaintiff instead sought to use a 30(b)(6) deposition as a means not to obtain facts, but rather to reopen and revisit literally *every* aspect of discovery that has already occurred. In responding to WXYZ's motion to quash, Plaintiff scarcely disputed this, and took the position that a handful of (mostly unpublished) district court opinions she cited proved her entitlement to each of her 30(b)(6) topics, regardless of the Rule 26 factors—and even the Court was powerless to limit her deposition topics. Judge Stafford correctly held otherwise, and limited the 30(b)(6) notice. Plaintiff's Objection continues in this vein, suggesting that Judge Stafford had no right to make findings, on the record before her, as to whether the 30(b)(6) topics were relevant, proportional, or otherwise consistent with Rule 26. Plaintiff is incorrect, and her objection should be overruled.

## Procedural Background

WXYZ moved to quash or modify Plaintiff's 30(b)(6) notice on February 22, 2019, citing the "reasonable particularity" rule of Rule 30(b)(6) itself, along with the general principles of Rule 26, which applies to discovery taken under Rule 30. *See* R. 111, WXYZ's Motion, Pg ID 3227-28. WXYZ thus objected (as applicable) to the topics' overbreadth, irrelevance, disproportionality, lack of proportionality, and the like. *Id.* at 3228-43. Plaintiff filed a response on March 20, 2019, *see* R. 119, and WXYZ replied on April 1, 2019. R. 121.

Magistrate Judge Stafford held a hearing on the motion on April 11, 2019. R. 125. On April 16, 2019, she issued an opinion and order granting WXYZ's motion in part and denying it in part. R. 122. Her bottom-line ruling was that WXYZ would be ordered to produce a witness to testify on the following topics:

- WXYZ's policies and procedures about anti-harassment, retaliation, inappropriate communications, progressive discipline, effective remedies, performance management and open-door communications from 2015 to 2016, and the application of those policies to her complaint. Questions about the application of those policies more generally or to other complaints are not allowed.

- Defendant's knowledge of the facts and findings from the 2015 investigation about Malcom Maddox.

- Defendant's consideration of potential remedial measures in response to Edwards' complaint and the investigation of that complaint.

- The facts underlying defendant's answer and affirmative defenses.

R. 122, Pg ID 3731-32. Judge Stafford also made rulings on the mechanics of any 30(b)(6) deposition, including a limit on hypothetical questions and the location of the deposition (neither of which Plaintiff's Objection disputes). Plaintiff has now filed an objection to some, but not all, of the adverse rulings by the Magistrate Judge.

## Standard of Review

"Objections to a magistrate judge's non-dispositive order must be both timely and specific." *Peterson v. Burris*, 2016 WL 1458107, at *1 (E.D. Mich. Apr. 14, 2016). "A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge." *Czerneski v. Am. Blue Ribbon Holdings, LLC*, 2014 WL 1304596, at *2 (E.D. Mich. Mar. 28, 2014) (Borman, J.). Likewise, a party's failure to present an argument to the magistrate judge waives that argument on review by a district court. *See Murr v. United States,* 200 F.3d 895, 901 n. 2 (6th Cir. 2000).

Under Rule 72(a), "the magistrate judge's determination may be overturned by the district court only if it is 'clearly erroneous or contrary to law.'" *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A finding is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Russell*, 156 F.3d 687, 690 (6th Cir. 1998). But "[t]his standard does not empower a reviewing court to reverse a Magistrate Judge's finding because it

-3-

would have decided the matter differently…." *Duby v. Shirley May's Place, LLC*, 2017 WL 5022639, at *1 (E.D. Mich. Nov. 3, 2017) (Borman, J.). This is an abuse-of-discretion standard. *See DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers*, 739 F. Supp. 2d 986, 998 (E.D. Mich. 2010), *aff'd*, 687 F.3d 744 (6th Cir. 2012) ("A judge abuses her discretion if she bases her ruling on 'an erroneous view of the law or a clearly erroneously assessment of the evidence.'"); *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion [as the district court], and an order of the same is overruled only if the district court finds an abuse of discretion").

## Argument

When a party challenges the appropriateness of another party's discovery request, the opposing party must be prepared to defend her request, in light of the scope of, and limitations on, discovery set forth in Rule 26(b)(1). Indeed, "[w]here, as here, a party objects to the relevancy of the information sought, the party seeking discovery bears the burden of demonstrating its relevance." *Hemlock Semiconductor Corp. v. Kyocera Corp.*, 2016 WL 1660862, at *3 (E.D. Mich. Apr. 27, 2016)); *see also Hennigan v. Gen. Elec. Co.*, 2010 WL 4189033, at *3 (E.D. Mich. Aug. 3, 2010) (same). WXYZ brought such a motion, relying on the Rule 26(b) scope and limitations of discovery, but Plaintiff's repeated response was one of entitlement to her

-4-

topics, with little effort to show relevance, proportionality, or the other factors as applicable to the facts and circumstances here.

Plaintiff's objections, as set forth below, largely ignore this reality. Instead, Plaintiff attacks Judge Stafford for making rulings on the record before her. But Judge Stafford issued a balanced, thoughtful opinion that did not provide WXYZ with all the relief it sought (despite her agreeing that Plaintiff's discovery was largely duplicative and/or could have been sought before), while also significantly paring back the most abusive and improper aspects of the Plaintiff's 30(b)(6) notice. That ruling was well within the Magistrate Judge's ample discretion, and Plaintiff's objections to that well-reasoned, balanced opinion should be overruled.

**I.      Plaintiff's "objection" does not contest the Magistrate Judge's key ruling that the Federal Rules unambiguously authorize a Court to limit the scope of a party's 30(b)(6) notice.**

Plaintiff's first objection, in essence, is that Judge Stafford had no power to do anything about Plaintiff's overbroad and unduly burdensome 30(b)(6) deposition notice except under Rule 26(c)(1). Obj. 3-4. She is wrong; as the opinion discusses in detail, Rule 26(b)(2)(C) explicitly *requires* a court "on motion or on its own" to "limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the  proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.*; R.

122, Order, Pg ID at 3742. Moreover, Rule 30(b)(6) itself contains a unique "reasonable particularity" standard defining the appropriate scope of such a notice. *Id.* at Pg ID 3739-40. Thus, courts routinely recognize that Rule 26(b) and Rule 30(b)(6) serve as independent sources of authority for a court to limit discovery, without the need to address Rule 26(c)(1). *Id.*; *see also, e.g.*, *Convertino v. U.S. Dep't of Justice*, 2008 WL 4104347, at *2 (E.D. Mich. Aug. 28, 2008) (recognizing Rule 26(b)(2)(C) and Rule 26(c)(1) as independent avenues for limiting discovery); *Alvey v. State Farm Fire & Cas. Co.*, 2018 WL 826379, at *6-8 (W.D. Ky. Feb. 9, 2018) (limiting 30(b)(6) deposition under Rule 26(b) and the "reasonable particularity" standard); *Ball Corp. v. Air Tech of Mich., Inc.*, 329 F.R.D. 599, 602 (N.D. Ind. 2019) (citing all three rules, but quashing notice under Rule 26(b) and Rule 30(b)(6) standards).

Magistrate Judge Stafford's ruling on this point is <u>uncontested</u>. Plaintiff apparently recognizes that Judge Stafford relied on Rule 26(b) and Rule 30(b)(6)'s reasonable particularity standard in her ruling—albeit while incorrectly claiming that Judge Stafford held that Defendants "failed to establish" good cause. *See* Obj. 3-4. In fact, Judge Stafford merely held that Rule 26(c)(1) was beside the point, as a Court can modify a 30(b)(6) deposition notice under Rule 26(b) and Rule 30(b)(6) "with no reference" to Rule 26(c)(1). R. 122, Order, Pg ID 3743. And Plaintiff does not go on to argue that this ruling was *incorrect—i.e.*, that Rule 26(b)(2)(C) or Rule 30(b)(6)'s standards are merely advisory, and that the Court's sole power to limit a

30(b)(6) deposition notice is through Rule 26(c)(1). *See* Obj. pp. 3-4. Any such objection is thus waived. *See supra* at 3 (citing specificity standard for objections)

In any event, Plaintiff's exclusive reliance on Rule 26(c)(1) is beside the point, as there would be good cause here. Rule 26(c)(1) is satisfied with a showing of "undue burden," and the very fact that a 30(b)(6) notice is "overbroad as to time and scope and not reasonably tailored to matters relevant to this case" *is* sufficient "good cause" under Rule 26(c). *See, e.g.*, *Stacy v. H & R Block Tax Servs., Inc.*, 2011 WL 807563, at *2 (E.D. Mich. Mar. 2, 2011) (Mazjoub, J.); *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 73 (D. Conn. 2010) ("With regard to the "undue burden and expense" provision, Rule 26(c) operates in tandem with the proportionality limits set forth in Rule 26(b)(2)."); *see generally* 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2036 (3d ed.) ("even very slight inconvenience may be unreasonable if there is no occasion for the inquiry…. That is the premise of Rule 26(b)(2)(C)'s prohibition on "disproportionate" discovery demands, and it applies equally under Rule 26(c).")

Plaintiff also "objects" to Judge Stafford's acknowledgement that Rule 26 was amended in 2015 to "encourage judges to be more aggressive in identifying and discouraging discovery overuse," claiming that the rules have always required this. *See* Obj. 4 (citing R. 122, Pg ID 3742). But Plaintiff simply fails to grasp the Advisory Committee's own words: while the 1983 rules' "clear focus" was to discourage discovery overuse, that focus "may have been softened" by later amendments. *See* R.

26, 2015 Adv. Cmt. Note. The 2015 Amendment thus "restore[d] the proportionality

factors to their original place in defining the scope of discovery," which in turn war-

ranted the reiteration of the older amendment's language that the rule "contemplates

greater judicial involvement in the discovery process…." *Id.; accord, e.g.*, 8 Wright

& Miller, *supra*, § 2008.1 (discussing same); *Waters v. Drake*, 222 F. Supp. 3d 582,

605 (S.D. Ohio 2016) (discussing same).

In any event, Plaintiff's actual complaint—that "the Magistrate's [*sic*] deci-

sion to ignore Plaintiff's pre-2015 precedent in her Order is contrary to law"—

reflects Plaintiff's continuing, inexplicable failure to understand that unpublished

cases and district court cases are *not binding*.[1] Moreover, as Judge Stafford made

clear at the motions hearing, Plaintiff's largely unpublished, and non-binding, au-

thorities are not necessarily "applicable or helpful to this particular case" because

Rule 26 requires a court to look at the specific facts and circumstances of the case

before it. *See, e.g.*, R. 125, Hr'g Tr. 43-46. This "objection" is meritless.

## II.     The Magistrate Judge acted well within her discretion in limiting the tem- poral scope of Plaintiff's "policy" topics to a relevant time and scope.

As discussed, Judge Stafford limited Plaintiff's "policy" topics to an appro-

priate time-frame and scope: "WXYZ's policies and procedures about anti-

---

[1] This Court has previously reminded Plaintiff that even a published, in-district opin-
ion "is only the decision of an individual district judge" and is "not binding" on
another district judge. R. 115 at Pg ID 3328.

-8-

harassment, retaliation, inappropriate communications, progressive discipline, effective remedies, performance management and open-door communications from 2015 to 2016, and the application of those policies to her complaint. Questions about the application of those policies more generally or to other complaints are not allowed." *Supra* at 2. Plaintiff now offers a hodgepodge of arguments as to why this ruling should be overturned, none of which have merit—let alone proof that the Court's ruling was an abuse of discretion.

Plaintiff first argues that Magistrate Judge Stafford "clearly erred" by finding that Plaintiff's topics as written were "unduly burdensome," Obj. 6, misstating the Court's actual ruling that "defendant 'cannot reasonably designate and prepare a corporate representative to testify on its behalf' about the general application of all of the specified policies over a five-year period." R. 122, Order, Pg ID 3744. Plaintiff claims this was "clear error" because she was only seeking "information to establish how Defendant, in general, would or should proceed with a complaint of sexual harassment under its policies." Obj. 7. But Plaintiff fails to tell this Court that her policy topics covered far more than "sexual harassment." For instance, she sought a deponent on all "equal employment opportunity" policies—policies that covered numerous protected statuses (including race, religion, and age), and applied to all personnel actions, like recruitment, hiring, and termination. R. 110-6, Pg ID 3280. Judge Stafford correctly held the topics were overbroad, and effectively modified

the topic to cover what Plaintiff claims that she wants: the "application of [the identified] policies to her complaint," which was a sexual-harassment complaint.[2]

Plaintiff also complains that this revised topic does not allow her to ask about the application of these topics "more generally." Judge Stafford, however, observed that Plaintiff's confusingly-worded topics regarding the "general" application of policies was intended to be a work-around of her earlier ruling that complaints unrelated to Maddox were irrelevant. *See* R. 125, Hr'g Tr. 35. Plaintiff's "objection" confirms this: although Plaintiff admits that she told Judge Stafford that her intent was to exclude witness testimony on "specific information concerning unrelated matters," Obj. 7, Plaintiff *now* asks this Court—based on the language of the very same topics—to instead rule that she is allowed to ask the witness about the "application of these policies to other complaints." Obj. 11. Judge Stafford correctly limited the 30(b)(6) topic to the discussion of the relevant policies in the context of Plaintiff's specific complaint, and there was no abuse of discretion in that ruling.

Finally, Plaintiff has not established that Judge Stafford abused her discretion in limiting the temporal scope of the policy topics. Plaintiff's objection ignores Judge Stafford's ruling that under Elliott-Larsen, WXYZ can only be liable based

---

[2]Plaintiff disclaimed any intent to ask about unrelated policies, but implied that her topics were intentionally broad so as to obscure precisely what topics she would discuss. R. 125, Hr'g Tr. 50. But the "reasonable particularity" rule is intended to prevent this sort of hide-the-ball tactic. *See* R. 110, Pg ID 3227-28 (citing cases).

on its response to Plaintiff's harassment complaint, which occurred in 2015, and thus earlier policies are not relevant. *See* Obj. 9-10. She also ignores the ruling that because Plaintiff resigned in 2016, she could not have been retaliated against after 2016, and thus post-2016 policies are irrelevant. *Id.* Instead, she makes the non-sequitur argument (*not* raised to Judge Stafford, and thus waived) that evidence of 2014 *harassment* is "background evidence," and then cites—without analysis—two non-binding cases regarding discovery of "historic company records" of discrimination. *Id.* But the 30(b)(6) topics do not relate to harassment evidence; they relate to *policies* that either pre-dated Plaintiff's complaint, or post-dated her employment. They are not relevant. There was no abuse of discretion by Judge Stafford.[3]

III. **The Magistrate Judge acted well within her discretion in quashing the anchor-compensation topic, particularly given Plaintiff and her counsel's own admissions as to the speculative nature of that claim.**

As Judge Stafford held, Plaintiff failed to show the relevance of her proposed topic on WXYZ anchor compensation, which Plaintiff concedes is merely for purposes of calculating damages. R. 119, Pg ID 3350. Plaintiff's complaint alleges that she lost opportunities as a "fill-in" anchor, but—as her counsel conceded at the hearing—these fill-in opportunities did not entitle her to anchor pay, and thus anchor pay

---

[3] Plaintiff also complains that Judge Stafford found the policy topics duplicative—which they are, given that she already deposed at length *three* current or former HR employees in this matter. But Plaintiff's "objection" is beside the point as Judge Stafford did not quash the policy topics based on their duplicativeness.

was not a relevant topic. R. 122, Order, Pg ID 3747; R. 125, Hr'g Tr. 89. Plaintiff's

Objection does not identify error in this holding, and any challenge is waived.

Instead, Plaintiff argues that Judge Stafford "ignored" a sex-based failure-to-promote claim—specifically, a claim that, but for discrimination, Plaintiff would have been promoted to the morning anchor position that Maddox was reassigned to in early 2015. Obj. 12. This objection should be overruled for two reasons.

*First*, Plaintiff did not plead a sex-based failure to promote claim; indeed, Plaintiff's counsel expressly conceded, many months ago, that the sex-discrimination claims in her complaint were for "sexual harassment" and "[n]ot gender discrimination," and that she was "not saying that she was treated differently than similarly-situated people who aren't women." R. 47, Nov. 13, 2018 Hr'g Tr. 6-7. Despite that concession, Plaintiff now alleges that her theory is that "Defendant did not… consider Plaintiff for this anchor position based on the sexually perverse and false rumors perpetuated by Mr. Maddox." Obj. 13. But her brief below made no such claim; the *only* thing her brief argues about a Maddox-promotion theory is that "Clearly anchor opportunities were available: Defendant promoted Maddox to the morning anchor spot. However, Defendant did not advise Plaintiff of this opportunity." R. 119, Pg ID 3349. This argument is waived.[4]

_____

[4] Indeed, Plaintiff has not engaged in any substantive discovery on the theory that she would have become the morning anchor in 2015 but for sex discrimination *by management*. Indeed, when she deposed Dave Manney, who led the search to fill the

-12-

*Second*, as Judge Stafford ruled, there was nothing in the record before her to justify damages discovery on a failure-to-promote. That record showed that (1) Plaintiff's last "fill-in" opportunity as an anchor was in 2014—*before* she complained; (2) Plaintiff admittedly did not apply for a promotion to anchor; and (3) WXYZ's news director testified that reporter-to-anchor promotions in Detroit were rare. R. 122, Order, Pg ID 3349. Plaintiff's "objection" is that the Court had to accept Plaintiff's conclusory allegations to the contrary, and that the Court erred in determining relevance based on the record before her. Obj. 12-14. But that is wrong; once relevance is challenged, Plaintiff must provide the court with a factual basis to believe the discovery was relevant. *See supra* at 4-5; *see also, e.g.*, *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("Inasmuch as Chrysler failed to offer any factual basis for its allegations of conspiracy, it was well within the trial court's discretion to deny Chrysler's request for discovery."). But Plaintiff failed to do so; indeed, on this topic and others, her counsel acted bewildered by the very notion that Judge Stafford expected her to justify her topics under Rule 26(b)(2) with evidence and specific argument. *See* R. 125, Hr'g Tr. 39-43, 57-61, 70-72, 86-92.

Specifically, even a *prima facie* failure-to-promote claim requires a plaintiff to show that she "applied for and was qualified for a promotion," and that she "was

---

morning anchor position, Plaintiff *never even asked* Manney whether she was considered in 2015, and only asked for Manney's opinion of whether Plaintiff "had what it takes to be an anchor." R. 110-11, Manney Dep. 245-46.

considered for and denied the promotion" while "other employees of similar quali-

fications" outside the class were promoted. *Nguyen v. City of Cleveland*, 229 F.3d

559, 562–63 (6th Cir. 2000). Plaintiff's own motion response conceded that she was

not aware of the "opportunity," and thus could not have applied—just as Judge Staf-

ford held. R. 119, Mot. Response, Pg ID 3349.[5] Nor did Plaintiff argue or set forth

evidence that she was similarly-qualified to Maddox (who was not promoted, but

rather was reassigned from his position as an anchor at sister station WMYD), or

anything else to support her newly-devised disparate-treatment claim. There was

thus no "clear error" in the Court's ruling that because anchor pay was not important

to resolving the issues, the burden to WXYZ outweighed the benefit.

**IV.    Plaintiff ignores, and thus waives, any objection to the Court's actual rul-
ing on her improper request for documents.**

Plaintiff next objects to Judge Stafford's "rejection for [*sic*] the Production of

Documents," Obj. 15-16, without appreciating the nature of that ruling.

Plaintiff's Topic 16 demanded a witness to testify about "[t]he facts

underlying, *and evidence supporting*, all denials of any factual allegation in

Plaintiff's Complaint," while her Topic 17 demanded a witness testify as to "[t]he

---

[5]Plaintiff's objection also misstates the extent of her argument below on the Mad-
dox-promotion (two sentences without citation), *see supra* at 12, with her earlier
argument on *ad hoc* anchor positions. *See* R. 119, Pg ID 3349-50. A cursory review
of this "new" evidence shows that it has nothing to do with Plaintiff's alleged failure
to be promoted to actual, open job opportunities. *See* R. 119-11, Pg ID 3687-94.

facts underlying, *and evidence supporting*, Defendant's Answer and affirmative defenses." R. 110-6, Pg ID 3282 (emphasis added). Judge Stafford's ruling on these topics came in two parts: *first*, she held that a witness could be asked about the "facts underlying" WXYZ's Answer and Affirmative Defenses, but not about the "facts underlying" the denials of Plaintiff's allegations. R. 122, Pg ID 3748-49. *Second*, she rejected altogether the demand that a witness "identify all evidence in support of its factual allegations." *Id.* at 3749. Plaintiff's Objection does not address these rulings on Topics 16 and 17, which will therefore stand.

In conjunction with her ruling on the "all evidence" request, Judge Stafford also addressed Plaintiff's demand that the 30(b)(6) witness bring to the deposition all of the documents she reviewed. *Id.* When combined with the "all evidence" request, Judge Stafford observed that this demand was an improper cumulative and duplicative request that would require WXYZ to "duplicate the discovery it has already produced." *Id.* Plaintiff ignores this, and thus waives any objection.

Plaintiff *also* ignores Judge Stafford's ruling insofar as she held that Rule 30 permits a deposition notice may be accompanied by a *Rule 34* Request for Production (with its corresponding procedural requirements)—something Plaintiff did *not* do. Insofar as the discovery deadline is long past, Plaintiff would be unable to serve a timely Rule 34 document request now, and her objection is moot.

-15-

But even were her argument not moot, Plaintiff's only complaint appears to be with Judge Stafford's ruling that a proper Rule 34 request for documents reviewed by the witness would be so broad as to invade privilege.[6] *See* Obj. 15-16. But Judge Stafford's ruling was not "legal error." As is Plaintiff's custom, her argument for error consists of (1) her citation to a handful of non-binding (mostly unpublished) cases that seem to support her position, none of which involve precisely the same circumstances; and (2) an incorrect assertion that these cases reflect binding law that Judge Stafford ignored. *See id.* And again, Plaintiff ignores that other courts have reached the same conclusion that Judge Stafford did—something that even Plaintiff's own authority recognizes. *See, e.g.*, *Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458, 470 (D. Md. 1998) ("If an attorney has culled through thousands of documents to identify a population of several hundred which are most relevant to the litigation, and the witness reviews these documents to prepare for the deposition, a court may be less inclined to order the production of such work product than if the witness reviewed a single document, or very few documents, selected by the attorney which relate to a critical issue in the case."); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 314 F.R.D. 397, 408 (E.D. La. 2016) ("It would encroach on the work-product doctrine to ask a witness what documents were given to him or her by counsel for

---

[6] That was the contested issue with respect to the RFPs served in the first two cases Plaintiff cites (*Beattie* and *Seven Seas*); the third case she cites (*Black Mills*) merely states that such an RFP was issued, without addressing its legal propriety.

review before the deposition"); *Beattie v. CenturyTel, Inc.*, 2009 WL 4646116, at
*1-2 (E.D. Mich. Dec. 7, 2009) (cited by Plaintiff) (recognizing "authority support-
ing" argument that documents selected for 30(b)(6) witness to review are privileged,
but finding that "circumstances" of the case did not make question ripe for review).

In other words, authority supports Judge Stafford's ruling, and while other
courts have come out a different way, the issue comes down to context (and, thus,
discretion). Plaintiff's objection is merely an improper invitation for the court to
decide a discretionary question differently from the way the Magistrate Judge de-
cided, which is insufficient under Rule 72. *See supra* at 3-4. Even if this argument
were not moot, there was no abuse of discretion here.

## V.     Plaintiff has also largely waived her "objection" to the Court's ruling on investigations, and fails to demonstrate any error.

Plaintiff's objection on Topic 14 likewise disregards the full context of Judge
Stafford's ruling. *See* Obj. 16-18. Judge Stafford addressed and largely quashed *two*
distinct topics: No. 13, which sought testimony on "[a]ll complaints and/or non-
privileged investigations concerning Malcom Maddox," and No. 14, which de-
manded a witness on the "non-privileged facts, considerations, and discussions
leading up to and surrounding Malcom Maddox's termination."[7] *See* R. 122, Order,

---

[7] The Court did permit the witness to be asked about "Defendant's knowledge of the
facts and findings from the 2015 investigation about Malcom Maddox," its "consid-
eration of potential remedial measures in response," and "the investigation of that
complaint." R. 122, Pg ID 3732.

Pg ID 3751. Plaintiff's objection does not address Judge Stafford's ruling on Topic

13, *see* Obj. 16, which therefore stands. But her failure to object to the ruling on

Topic 13 effectively serves as a waiver to her objection on Topic 14 as well.

Judge Stafford has previously held that the 2017 and 2018 *investigations* are

privileged, and while WXYZ had to disclose who was interviewed, she was not al-

lowed to inquire into the privileged conversations that took place during those

investigations. *See* R. 122, Order, Pg ID 3752 (citing to prior opinions). Plaintiff's

"objection" recognizes this, but she again discloses her true intention to use her

30(b)(6) topics as a vehicle to try and evade this earlier discovery limitation. For

despite claiming that she did not intend to discuss privileged conversations, she now

asks this Court to allow inquiry into those investigations, based on the very same

topic. *See* Obj. 16-17 & n. 4. Judge Stafford properly quashed that improper topic.

Further, in a post-hoc effort to justify Topic 14's relevance, Plaintiff makes a

series of misstatements about the record. She claims—without record citation—that

there is "evidence to suggest Maddox was terminated because of his conduct towards

Plaintiff." Obj. 16. In fact, the undisputed record is that Maddox was terminated due

to the newfound publicity resulting from this lawsuit addressing his years-old con-

duct. *See, e.g.*, R. 38-9.  Next, she says that WXYZ "does not maintain that the entire

2017 and 2018 investigations are privileged." Obj. 17. Again, this is false. Plaintiff's

"proof" of this are her citations to three documents written by HR employee Michelle

Zackay, *none* of which have to do with the topic of Maddox's termination. *See* R. 78-5, 78-6, 103-3. But these documents were produced precisely *because* they were unrelated to the in-house counsel led 2017 investigation, and did not come from the 2018 investigation by the undersigned's firm after Plaintiff had threatened litigation.

Finally, Plaintiff states—again, with *no* record citation—that "[i]t seems likely that many non-privileged conversations occurred between Defendant's employees in senior positions" related to Maddox's termination, Obj. 17, and incorrectly cites R 47, Pg ID 1615 to suggest that Judge Stafford held that such discussions about the termination would be relevant, Obj. 17, n.3 That is not true; as the cite provided, Judge Stafford merely ruled that the *investigations* were relevant (albeit privileged), but said nothing about Maddox's termination. And besides her speculation, Plaintiff makes no effort to explain how Maddox's 2018 termination would be relevant to showing Plaintiff was harassed or retaliated against in 2015 and 2016, at which time she quit. Plaintiff's speculation and misrepresentations do not demonstrate any "clear error" in Judge Stafford's ruling.

**VI.   The Magistrate Judge's ruling that Plaintiff failed to justify for discovery about discovery is correct, and well within her discretion.**

Judge Stafford also rejected Plaintiff's "discovery about discovery" topics, including topics on WXYZ's responses to request for production, electronic discovery searches, and its records and equipment policies. R. 122, Order, Pg ID 3752-53. As Judge Stafford held, there is considerable authority for the proposition that courts

should preclude "discovery about discovery" unless the party seeking such discovery reasonably calls into question the adequacy of the opponent's production. *See id.* at 3753 (citing cases); *see also, e.g.*, *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 582346, at \*5 (S.D. Cal. Feb. 13, 2019) (recognizing and citing authority limiting "discovery into discovery"); *U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 2018 WL 4471777, at \*2 (S.D. Miss. Sept. 18, 2018) ("It is not the general practice of this Court to allow discovery about discovery. Relators have not provided an adequate factual basis to justify such collateral discovery"); *Mortg. Resolution Serv., LLC v. JPMorgan Chase Bank*, 2016 WL 3906712, at \*7 (S.D.N.Y. July 14, 2016) ("requests for such 'meta-discovery' should be closely scrutinized" and a "party must provide 'an adequate factual basis'" to show such discovery is warranted.).

These rulings, in turn, flow directly from these court's exercise of their authority under Rule 26(b) to limit overbroad, irrelevant, duplicative, and disproportionate discovery. *See, e.g.*, *Commins v. NES Rentals Holdings, Inc.*, 2018 WL 3186983, at \*9 (W.D. Ky. June 28, 2018) (citing similar authority on "collateral discovery" and concluding that "permitting the collateral discovery sought by Plaintiffs, in the form of a Rule 30(b)(6) deposition, is neither relevant to a claim or defense in the litigation nor proportional to the needs of the case at this time.").

Consistent with this well-established authority, Judge Stafford exercised her discretion and found that Plaintiff had not called WXYZ's discovery productions into question, and thus Plaintiff's topics were improper under Rule 26.

Per usual, Plaintiff's claim of error is based on her citation to a handful of cases, some of which did permit collateral discovery,[8] and announces that Judge Stafford "applied the wrong standard" because she did not permit the discovery here. Obj. 19. None of the (non-binding) cases Plaintiff cites, of course, hold that parties have a unilateral entitlement to demand such collateral discovery—and most offer little reasoning at all. Indeed, some of Plaintiff's own cases *support* the idea that the relevance of this meta-discovery should be tied to a specific factual showing of a problem with the earlier discovery responses. *See Ideal Aerosmith, Inc.*, 2008 WL 4693374, at *3 (observing that plaintiff had "submitted evidence" that relevant emails existed, but opposing party "failed to produce any meaningful documents"); *Ballentine*, 2016 WL 2743504, at *6 (stating that court would have been receptive to a timely Rule 26(b) objection that there was "no evidence that Defendant… failed to conduct reasonable searches to locate" relevant documents).

Plaintiff next makes a single, perfunctory—and false—statement that there is reason to distrust WXYZ's diligence: She claims that WXYZ did not produce the

---

[8]Others did not. *Vennet* permitted a 30(b)(6) deposition regarding document retention policies (albeit without legal analysis) and does not appear to involve a request for discovery into earlier discovery responses. 2007 WL 4442321, at *4.

"complete" 2015 investigative file, with her proof being *other* documents that WXYZ did produce in discovery! Obj. 20. Worse, she fails to disclose to the Court that the documents in question—the sole basis for her unfounded accusations against WXYZ's counsel—came after the resolution of a discovery dispute led to WXYZ's search of the investigator's email boxes. And those documents appear to be merely prior email drafts of the notes earlier produced as part of the actual investigative file, as the email versions differ from the investigate file notes by only a few words here or there. *See* R. 121, Reply Br., Pg ID 3717 n. 6; *compare* R. 119-12 *with* 41-2.

Finally, Plaintiff's argument that it would not be "burdensome" to have a witness prepare for and testify about WXYZ's response to discovery requests—which included a massive email discovery search for mostly commonplace words that were nearly all false positives—is preposterous. In any event, Plaintiff cites no authority that intrusive collateral discovery is perfectly fine based on the mere number of searches. Judge Stafford's holding was within her discretion.

**VII. The Magistrate Judge also correctly found that Plaintiff made no showing of "spoliation" necessary to support litigation-hold discovery, and Plaintiff ignores her alternative holding regarding overbreadth.**

Plaintiff similarly makes the baseless claim that she is automatically entitled to litigation-hold and document-retention discovery based solely on her perfunctory allegation of "spoliation." As Judge Stafford held, spoliation has specific legal requirements. R. 122, Pg ID 3754. This includes a showing that there was evidence, it

was relevant, that there was an obligation to preserve it, and that it was destroyed with a culpable state of mind. *See, e.g.*, *Lemmon v. City of Akron*, 2019 WL 1501540, at *9 (6th Cir. Apr. 4, 2019) (citing *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)). And Judge Stafford is hardly alone among judges in requiring some relevant showing of spoliation—as opposed to conclusory accusations and speculation—before permitting litigation-hold related discovery. *See, e.g.*, *Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*, 2013 WL 5311292, at *4 (S.D. Ohio Sept. 20, 2013) (holding that a party seeking such discovery must make a preliminary showing of spoliation, a "necessarily a fact-based inquiry" that "involves considerations of proportionality and reasonableness.").

Judge Stafford correctly held that Plaintiff failed to make any showing of spoliation that might have made such discovery relevant. Here, Plaintiff's sole reference to WXYZ's alleged spoliation in her motion response was the following sentence, with no record citation and no citation to the legal standard for spoliation: "Defendant did not take sufficient steps to preserve and produce evidence in this case, including Maddox's work phone." R. 119, Pg ID 3361. That bare conclusory statement is hardly sufficient to make out a "fact-based" showing of spoliation warranting discovery. Indeed, even when pressed at the hearing, Plaintiff's counsel was unable

-23-

to provide any basis for a spoliation claim based on Maddox's phone.[9] *See* R. 125, Hr'g Tr. 56-63. Incredibly, Plaintiff does not even attempt to point to such record evidence or case law *now*—but again only speculates that Maddox sent sexually-tinged text messages about Plaintiff after his 2015 discipline, even though not a single one of the nearly 20 people deposed in this case, *including Plaintiff herself*, has ever stated that they received or even heard about such a text message from Maddox. Obj. 23-24. There was no error here, let alone an abuse of discretion.

Finally, Plaintiff ignores that—as Judge Stafford held—the actual language of Plaintiff's 30(b)(6) topic covers unambiguously privileged material. For while the *fact* that a legal hold memorandum issued might not be privileged, the hold itself is privileged, *see Neighborhood Ass't Corp. of Am. v. U.S. Dep't of Hous. & Urban Dev.,* 19 F. Supp. 3d 1, 22 (D.D.C. 2013), as are "the mental thought processes of lawyers authoring and promulgating litigation holds," *Beaudry v. TeleCheck Servs., Inc.*, 2013 WL 12355782, at *2 (M.D. Tenn. Mar. 31, 2013). Thus, in *Beaudry*, the Court agreed that such holds were only relevant because (unlike here) the plaintiff had made a showing of spoliation, and even then the court permitted discovery only

---

[9] Plaintiff also makes bare allegations about an alleged "folder with information about Maddox's sexual harassment" which was purportedly discovered and then thrown away by a non-managerial employee before WXYZ even knew about it. Plaintiff did not mention this alleged "spoliation" *whatsoever* in her motion before Judge Stafford, and thus any arguments based on it are waived for the purposes of her Objection. *See generally* R. 119; R. 125, Hr'g Tr. 58.

as to the bare facts of the hold:  when, what, and to whom. *Id.* But that is not what Plaintiff's Topic 18 sought; rather, it sought a "[g]eneral description of WXYZ's legal hold *process* including all details of that policy and specific steps that were taken in this case to implement the hold." R. 110-6, Pg ID 3282 (emphasis added). That *process* is the very thing protected by privilege, and was impermissible. And now, in her Objection, Plaintiff makes clear that she intended to rely on this topic to impermissibly demand information about the privileged content of the hold as well. Obj. 23. Even if she had shown relevance—and she has not—Plaintiff's topic, as written, seeks privileged material as opposed to unprivileged information. The objection to Judge Stafford's ruling should be overruled.

> Respectfully submitted,
>
> KIENBAUM HARDY
> VIVIANO PELTON & FORREST, P.L.C.
>
> By: */s/Thomas J. Davis*
>     Elizabeth Hardy (P37426)
>     Thomas J. Davis (P78626)
> Attorneys for Defendant
> 280 N. Old Woodward Ave., Suite 400
> Birmingham, MI 48009
> (248) 645-0000
> ehardy@khvpf.com

Dated:  May 21, 2019            tdavis@khvpf.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

<div style="margin-left: 40%;">

*/s/Thomas J. Davis*_____
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

</div>

329252_2