UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



TARA EDWARDS,

    Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corp.

    Defendant.
_____/

Case No. 18-10735

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
U.S. Magistrate Judge

ORDER REJECTING "PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER (D.E.72) DENYING PLAINTIFF'S MOTION TO COMPEL THE SEXUAL HARASSMENT INVESTIGATIONS CONCERNING PLAINTIFF'S SEXUAL HARASSMENT INVESTIGATIONS." (ECF #76)

This is a sexual harassment lawsuit brought under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCLA §37.2101, *et.seq.*" (Plaintiff's Objection to Magistrate's Order) (ECF #76, PgID 2224.)

On December 20, 2018 Magistrate Judge Elizabeth Stafford held a hearing on discovery motions referred to her by this Court. After hearing argument, the Magistrate Judge ruled from the bench on those motions, and on the next day, December 21, 2018, issued an Opinion and Order Regarding Discovery Motions. [ECF #s 23, 31, 41, 59, 61] (ECF #72).

Thereafter, Plaintiff filed objections to the Magistrate Judge's Order (ECF #76). Defendant filed a "Brief in Opposition to Plaintiff's Objections to Magistrate Judge

Stafford's Order." (ECF #87), and Plaintiff filed a "Reply in Support of Plaintiff's Objection to Magistrate's Order. (ECF #95).

In essence, Plaintiff alleges that Defendant's invocation of the Attorney-Client Privilege and the Work Product Doctrine does not apply to sexual harassment investigations, and that when a company seeks legal advice on a matter that led to a subsequent business decision, the legal advice becomes unprivileged business advice..

The Court finds guidance and support in its rejection of Plaintiff's objections in *Upjohn v. United States*, 449 U.S. 383 (1981), the seminal Supreme Court decision on attorney-client privilege and work product doctrine..

In *Upjohn*, the Supreme Court held that corporations are entitled to assert both the attorney-client privilege and the work product doctrine:

> [The] privilege exists to protect not only those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.

*Upjohn* at 390.

> [C]ommunications by Upjohn employees to counsel are covered by attorney-client privilege.

*Id.* at 397. The Supreme Court also held that there is a strong public policy underlying the work product doctrine, *Id.* at 398:

> Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes.

*Id.* at 399.

2

This Court also concurs with the District of Columbia Circuit Court decision in *Kellogg v. Brown & Root*, 756 F.3d 754 (D.C. Cir. 2014) (Kavanaugh, Griffith, Srinivasan). *In Re Kellogg*, held in pertinent parts:

> Yet, nothing in *Upjohn* requires a company to use magic words in order to gain the benefit of the (attorney-client privilege) in order to gain the benefit of the privilege for an internal investigation.

*Id.* at 758.

> So long as obtaining or providing legal advice was one of the significant purposes of the internal investigation, the attorney-client privilege applies, even if there were also other purposes for the investigation. . . .

*Id.* at 758-59.

> Under the District Court's approach, the attorney-client privilege apparently would not apply unless the sole purpose of the communication was to obtain or provide legal advice. That is not the law. We are aware of no Supreme Court or Court of Appeals decision that has adopted a test of this kind in this context.

*Id.* at 759.

> In the context of an organization's internal investigation, if one of the significant purposes of the internal investigation was to obtain or provide legal advice, the privilege will apply.

*Id.* at 760.

3

Because this Court concludes that Magistrate Judge Stafford's rulings, stated on the record, and listed on pages 6 and 7 of Defendant's Brief in Opposition (Exh. A), are correct, the Court DENIES Plaintiff's Objections.

SO ORDERED.

DATED: June 10, 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE