UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



TARA EDWARDS,

        Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corp.

        Defendant.
_____/

Case No. 18-10735

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
U.S. Magistrate Judge

## ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER (ECF #124) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

On April 16, 2019, Magistrate Judge Elizabeth A. Stafford, after having held a hearing on April 11, 2019, issued an Opinion and Order Granting In Part and Denying in Part [Defendant's] Motion for Protective Order. (ECF #122).

Near the end of the discovery period, which had involved 14 depositions and defendant's responses to 85 requests for production of documents, Plaintiff Edwards noticed the deposition of a corporate representative under Federal Rule of Civil Procedure 30(b)(6) on these subjects:

> 1. WXYZ's policies and procedures concerning anti-harassment, equal employment opportunity, sexual harassment and retaliation, as well as the complaint and investigative process concerning same from 2014 to 2018. This topic is limited to the general application of these policies and procedures, not their specific application in any

1

other matter, and their application in this matter.

2. WXYZ's policies and procedures relating to inappropriate communications or conduct, complaints of inappropriate communications or conduct, and investigations of inappropriate communications or conduct from 2014 to 2018. This topic is limited to the general application of these policies and procedures, not their specific application in any other matter, and their application in this matter.

3. WXYZ's Performance Management Policies from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

4. WXYZ's progressive disciplinary policies, "Progressive Disciplinary Toolkit," corrective action policies, and dismissal policies from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

5. WXYZ's policies and procedures relating to consideration of effective remedial actions taken in response to harassment investigations, retaliation investigations, and investigations concerning inappropriate communications or conduct from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

6. WXYZ's "Open door Communication" policies from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

7. WXYZ's Technology Policies from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

8. WXYZ's record retention policies as it relates to the preservation of emails, text messages, call logs and other data stored on company issued cell phones and company's email server from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application in this matter.

9. WXYZ's Equipment Policy from 2014 to 2018. This topic is limited to the general application of these policies, not their specific application in any other matter, and their application to Malcom Maddox.

10. The compensation structure of WXYZ's Anchors from 2014 to present.

11. Defendant's knowledge of the facts and findings from the 2015 investigation concerning Malcom Maddox.

12. Defendant's consideration of potential remedial measures taken in response to complaints and non-privileged investigations concerning Malcolm Maddox.

13. All complaints and/or non-privileged investigations concerning Malcom Maddox throughout the duration of his employment with WXYZ.

14. The non-privileged facts, considerations, and discussions leading up to and surrounding Malcom Maddox's termination.

15. Defendant's discovery responses, including the search conducted to determine what responsive documents exist, and collection of responsive documents to the following discovery requests : Plaintiff's First Request for Production, Request No.: 18 and 22 (as they relate to responsive documents concerning Malcom Maddox), 20, 21, 24, 25, 30, 31, 32, 33, 35,36, 39, 40, 42, 43, 44, 47; Plaintiff's Second Request for Production, Request No.: 16. This topic, as with all other topics, specifically excludes any attorney-client and/or work product protected conversations.

16. The facts underlying, and evidence supporting, all denials

of any factual allegation in Plaintiff's Complaint as set forth in Defendant's Answer. This topic, as with all other topics, specifically excludes any attorney-client and/or work product protected conversations.

17. The facts underlying, and evidence supporting, Defendant's Answer and affirmative defenses. This topic, as with all other topics, specifically excludes any attorney-client and/or work product protected conversations.

18. General description of WXYZ's legal hold process including all details of that policy and specific steps that were taken in this case to implement the hold. This topic, as with all other topics, specifically excludes any attorney-client and/or work product protected conversations.

19. Defendant's electronic discovery searches and responses to this matter, which includes:

> a. Method of collecting ESI for review, including method preserved all relevant metadata intact;
> b. Chain of custody tracking from origination to destination;
> c. How the discovery collection process was managed and conducted - i.e., was there custodian self-collection being performed;
> d. Methods used to cull the ESI prior to review;
> e. Process for testing and refining the search terms used as well [sic] any testing or sampling conducted on ESI not retrieved;
> f. Methods to conduct review of the ESI including review application(s) used and workflow associated with the review process;
> g. Use of technology to assist with the review, such as clustering, predictive coding and near-duplicate identification;
> h. Personnel employed to conduct ESI review, including their qualifications, experience, and

> training;
> I. Methodology for organizing and verifying the production, including confirmation of file counts and spot checks of produced files for content;
> j. The total volume of ESI collected, reviewed, and produced.

[ECF No. 110-6]. The notice also directed the corporate representative to bring "[a]ny and all documents reviewed in preparation for this deposition." [*Id.*]

This Court finds that Plaintiff's above-listed 30(b)(6) notices make a mockery of the strictures of Federal Rule of Civil Procedure 26(b)(1). This conduct by Plaintiff's counsel will not abide! Plaintiff's counsel is noticed under 28 U.S.C. §1927: "Any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Also see Federal Rule of Civil Procedure 37.

Magistrate Judge Stafford issued a cogent and comprehensive opinion.

First of all the Magistrate Judge's opinion notes that Federal Rule of Civil Procedure 26(b)(1), after the 2015 amendments, allows only discovery of evidence that is relevant to the specific claims and defenses at issue. (ECF #122, PgID 3744). Second, the Magistrate Judge's opinion further notes that the specific claims here are sexual harassment and retaliation under the Michigan Elliott Larsen Civil Rights Act, M.C.L.

§37.2101 *et. seq.*, and the time period is 2015-2016.

The Court concludes that Magistrate Judge's comprehensive and cogent Opinion and Order is correct, and DENIES Plaintiff's objections.

SO ORDERED.

DATED: June 10, 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE