UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA EDWARDS,

        Plaintiff,

v.

SCRIPPS MEDIA, INC., d/b/a
WXYZ-TV, a Foreign Profit Corp.

        Defendant.
_____/

Case No. 18-10735

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
U.S. Magistrate Judge

ORDER CLARIFYING THE COURT'S ORDER OF JUNE 17, 2019, BY
(1) WITHDRAWING ITS RULING ON UNTIMELINESS OF
PLAINTIFF'S OBJECTIONS
(2) ADOPTING THE MAGISTRATE JUDGE'S RULING DENYING
PLAINTIFF'S MOTION TO COMPEL COMPARATOR EVIDENCE

On November 15, 2018, Magistrate Judge Elizabeth A. Stafford issued an "Opinion and Order Regarding Motions to Compel [ECF Nos. 23, 31]." In that Opinion, Judge Stafford stated:

> Plaintiff's request for "comparator" evidence – documents (including employee personnel files) concerning other complaints, investigations or inquiries about sexual harassment, sexual misconduct, discrimination or retaliation of any employee of defendant – is denied. Comparator evidence is relevant when a plaintiff claims that she has been treated differently than a similarly situated person outside of her protected class. See, e.g. *McMillan v. Castro*, 405 F.3d. 405, 413 (6th Cir. 2005); *Bobo v. United Parcel Service, Inc.,* 665 F.3d 741, 753 (6th Cir. 2012). As noted previously, plaintiff does not make

1

    that claim here.

ECF #47, Nov. 15, 2018, PgID 1617-18. (emphasis added).

  On January 4, 2019, Plaintiff filed the instant objection (ECF #78). On January 18, 2019, Defendant filed a "Brief in Opposition to Plaintiff's Objections to Magistrate's Order Regarding Unrelated Harassment Investigations." (ECF #88). On January 25, 2019, Plaintiff filed a "Reply in Support of Her Objection to Magistrate's Order [D.E. 47], Denying Plaintiff's Motion to Compel Comparator Evidence." (ECF #93).

  Plaintiff contends that Magistrate Judge Stafford's Order relied on misrepresentation by Defendant. This Court disagrees.

  Further, even if Plaintiff was just seeking discovery concerning events that occurred at WXYZ, Plaintiff's claim does not succeed. Plaintiff has received discovery concerning her claim of sexual harassment by Malcolm Maddox that she experienced at WXYZ, and as to responses to her request for any further claims of sexual harassment by Mr. Maddox at WXYZ during the time period at issue in this case.

  Plaintiff's objections state that because Magistrate Judge Stafford "denied Plaintiff's request for comparator evidence based on two clearly erroneous factual premises (i.e. that Plaintiff is not claiming she was impacted by sexual harassment directed at others, and that Plaintiff does not seek evidence of other complaints of

WXYZ), the Court should modify Magistrate Stafford's order and Grant Plaintiff's Motion to Compel comparator evidence." (ECF #78, PgID 2310).

Defendant's Response in Opposition (ECF #88) noted Plaintiff's testimony in her deposition that the only person she alleged to have harassed her was Mr. Maddox. (ECF #88, PgID 2763, "Nor did she claim – in her complaint, testimony or elsewhere – that she witnessed sexual harassment by someone other than Maddox directed at any third persons." (ECF #88, PgID 2763). Defendant further noted Plaintiff admitted that Maddox did not make further sexual comments to her after that. (ECF #88, PgID 2763) "R.38-2, Pl's Dep. 201:5-202:17, 309:14-19." Defendant further noted that "no new complaints were filed against Maddox – by Plaintiff or anyone else in the nearly three years after Plaintiff's complaint. *Id.* (ECF #88, PgID 2763).

In December 2017, a local clergyman held a press conference accusing Maddox and other media personalities of sexual harassment. In response, Defendant's corporate parent, Defendant Scripps Media initiated an internal investigation by in-house counsel. In January 2018, Plaintiff's counsel threatened this litigation; thereafter Scripps authorized a litigation review by outside counsel.

Maddox was terminated on March 9, 2019, three days after Plaintiff filed this lawsuit. Defendant stated this action was taken because continued publicity regarding Maddox's conduct distracted from the station's mission. (ECF #88, PgID 2764).

Defendant counsel's objected to Plaintiff's motion to compel demanding materials related to sexual discrimination, or retaliation unrelated to Malcom Maddox, stating that the relevant inquiry in an Elliott-Larsen case is whether the employer's actions reasonably served to prevent future harassment of the Plaintiff, and not the purported severity of the punishment. (ECF #88, PgID 2765.) Defendant quoted from the transcript of the Magistrate Judge's November 13, 2018 hearing, indicating that Plaintiff's counsel was not raising the sort of claim that "comparator" evidence relates to, but that she wanted to "compare . . . the level of punishment given to other employees accused of harassment, in support of her theory that Maddox was not punished 'enough.'" (Mag. Judge Nov. 2019 Hrg., Tr. Pp. 6-7).

This theory was rejected by the Magistrate Judge both because it was not relevant or proportional to the needs of the case – and then, upon Plaintiff's counsel's vocal objection, offering him further opportunity to provide any relevant authority. Plaintiff's counsel did not then identify any relevant cases. The Magistrate Judge denied Plaintiff's motion to compel regarding sexual harassment allegations that did not involve Maddox. This Court finds that this ruling is not incorrect. (ECF #88. PgID 2766).

The Court concludes that Magistrate Judge Stafford's determinations on the instant issues are neither erroneous, nor contrary to law.

Initially, the Court notes that Defendant has produced the non-privileged documents related to its sexual harassment investigations of Maddox, including the years of 2017 and 2018, and provided a privilege log for the rest.

Plaintiff's "shotgun" non-specific objections, unaccompanied by relevant pages of hearing transcript, also contain misstatements about Judge Stafford's ruling.

Finally, Plaintiff also sets forth many arguments not raised before the Magistrate Judge; those are waived.

Accordingly, the Court DENIES Plaintiff's untimely objections to the Magistrate Judge's Order of November 15, 2018, that clearly and cogently denied Plaintiff's request for "comparator" evidence.  ECF #47, Nov. 15, 2018, PgID 1617-18.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2019